## (October 8, 1976)

■ In the Matter of SIMON ROSENSTOCK, Respondent, v CHARLES P. SCARINGE et al., Constituting the Albany County Board of Elections, et al., Respondents, and EILEEN GALLAGHER, Appellant.—Appeal from a judgment of the Supreme Court, entered September 29, 1976 in Albany County, which granted petitioner's application, in a proceeding pursuant to section 330 of the Election Law, to declare invalid the petition designating appellant, Eileen Gallagher, as a candidate for the public office of Member of the Board of Education of the City School District of Albany, New York, in the general election to be held on November 2, 1976. On September 13, 1976 appellant, Eileen Gallagher, was nominated, by petition, as a candidate in the November 2 general election for the public office of Member of the Board of Education of the City School District of the City of Albany (Education Law, § 2502, subd 9). Petitioner, Simon Rosenstock, a voter of the City of Albany, commenced the present proceeding challenging appellant's candidacy on the ground that she was ineligible to serve as a member of the board of education because her husband, James Gallagher, with whom she resides, is currently a member of the same board. (Education Law, § 2103, subd 3). Special Term sustained petitioner's challenge and the present appeal ensued. Subdivision 3 of section 2103 of the Education Law provides that no more than one member of a family can be a member of the same board of education in any school district. Contrary to appellant's contentions, we find that this provision is applicable to the City School District of the City of Albany and that appellant falls precisely within the scope of its prohibition. Appellant also contends that this provision of the Education Law constitutes an unconstitutional infringement of both the electorate's right to vote and her personal right to seek public office under the due process and equal protection clauses of the Federal and State Constitutions (US Const, 14th Amdt, § 1; NY Const, art, I, §§ 1, 6, 11). It is established that where the Legislature excludes a certain class of citizens from eligibility to hold public office, the electorate's right to vote is thereby infringed *(Landes v Town of North Hempstead,* 20 NY2d 417, 421–422). The right to vote is a " 'fundamental political right, because preservative of all rights' " *(Harper v Virginia Bd. of Elections,* 383 US 663, 667). Where State legislation directly infringes upon that right, as where certain classes of citizens are denied the right to vote, the State has the burden of demonstrating that the legislation is necessary to promote a compelling State interest before the legislation can be upheld as constitutional *(Dunn v Blumstein,* 405 US 330, 335, 336; *Kramer v Union School Dist.,* 395 US 621, 626; *Harper v Virginia Bd. of Elections, supra;* see, also, *Alevy v Downstate Med. Center of State of N. Y.,* 39 NY2d 326). We are of the opinion, however, that where, as here, the legislation in question does not directly infringe upon the right to vote, but only indirectly infringes upon that right by excluding a certain class of citizens from eligibility to seek public office, the less strict standard of judicial review is applicable to test the constitutionality of that legislation. Accordingly, the legislation here in issue is entitled to the traditional presumption of constitutionality and the appellant has the burden of overcoming this presumption beyond a reasonable doubt *(Wiggins v Town of*

*Somers,* 4 NY2d 215; *Matter of De Hond v Nyquist,* 65 Misc 2d 526, 529). Under the traditional test of constitutionality the question is whether the legislative classification is rationally related to the promotion of a legitimate State interest *(Dandridge v Williams,* 397 US 471, 485; *Montgomery v Daniels,* 38 NY2d 41; *Gleason v Gleason,* 26 NY2d 28, 41; *Bauch v City of New York,* 21 NY2d 559, 607, cert den 393 US 834). Reasonable classifications prescribing qualifications for public office based upon a person's age, integrity, training, residence or citizenship have been found to be constitutionally permissible *(Kramer v Union School Dist., supra,* p 625; *Matter of Spencer v Board of Educ.,* 39 AD2d 399, affd 31 NY2d 810; *Landes v Town of North Hempstead, supra,* p 420; *Matter of De Hond v Nyquist, supra).* In the present case we are called upon to consider a somewhat different legislative classification relating to eligibility to seek public office. The statute in question classifies citizens into two groups—those who are living in a household with a present member of a board of education (48 NY St Dept Rep 132, Opns Atty Gen [inf]; 48 NY St Dept Rep 779, Opns Atty Gen [inf]), and those who are not. Members of the former class are ineligible to serve on the same board of education with another member of the same household. By prohibiting more than one member of the same household from serving on the same school board the statute insures that a board of education will represent a wide rather than a narrow cross section of the community it serves and that each member of a board of education will be able to debate policy issues with fellow board members at *arm's length* rather than under any possible inhibition that might exist because of an intimate relationship with another member of the board who lives in the same household. We, therefore, conclude that subdivision 3 of section 2103 of the Education Law is rationally related to the promotion of a legitimate State interest and is not unconstitutional (cf. *Rogers v Common Council of City of Buffalo,* 123 NY 173). Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.