*564 Memorandum. The order of the Appellate Division should be affirmed.
Appellant attacks subdivision 3 of section 2103 of the Education Law as violative of the equal protection clause. The threshold question therefore is a determination of the standard of review to be applied in assaying the statute’s constitutionality (Alevy v Downstate Med. Center of State of N. Y., 39 NY2d 326, 331; Montgomery v Daniels, 38 NY2d 41, 59).
Where a statute directly infringes upon the fundamental right to vote, the appropriate standard of review is to strictly scrutinize the legislation to determine if it is necessary to promote a compelling State interest (Harper v Virginia Bd. of Elections, 383 US 663). However, the direct impact of subdivision 3 of section 2103 is not on one’s right to vote, but on an individual’s right to hold public office, and the right to be a candidate is not in itself sufficient to call for strict scrutiny of the statute (see Bullock v Carter, 405 US 134, 142-143).
Appellant’s reliance on Bullock as calling for rigorous review of the statute is misplaced. In Bullock, the Supreme Court found a Texas statute, which imposed a requirement that a potential candidate pay substantial filing fees as a condition to his right to run for certain local offices, to be "patently exclusionary [in] character” in that its effect would be the disenfranchisement of voters who happen to be members of the less affluent segment of the community (Bullock v Carter, supra, at pp 143-144). Noting that the statutory scheme had a direct and appreciable impact on the right to vote, the court concluded that the strict scrutiny test was to be applied.
No such direct and appreciable impact on the right to vote can be found in the present case. No identifiable class has been disenfranchised. The statute’s effect on the right to vote is merely incidental and remote and does not rise to a level which would require that the statute be closely scrutinized in order to pass constitutional muster. We agree therefore with the Appellate Division that the rational basis approach is the proper standard of review in the present case, and we conclude, as did that court and for the reasons set forth in their opinion, that subdivision 3 of section 2103 meets that test.
Finally, we would note that the word "family” as used in the statute might well be ambiguous as applied in another context, but here, where the appellant is the wife and lives in the same household with the present school board member, *565 she would clearly come within the class contemplated by the statute.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, without costs, in a memorandum.