Requestor: James J. Nolletti, Esq., Village Attorney Village of Mamaroneck P.O. Box 369 Mamaroneck, New York 10543
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a village is authorized to enact a local law that would prevent a member of a board of architectural review, planning board, zoning board of appeals or other municipal board from seeking or obtaining the nomination of a political party to run for election to the position of village mayor or trustee or town supervisor or councilperson. Under the proposed local law, the person would first have to resign his position on such board.
In our view, the village is authorized to enact such a local law, but must draft the law so that it applies only to eligibility for village positions. Thus, the local law might provide that a person is not eligible to hold or may not continue to hold a village office if he seeks election to or holds other designated positions. Presumably, such a local law would be enacted upon a finding by the village board of trustees that such dual office holding would be incompatible or not in the public interest. In our view, such a local law is authorized under the village's authority to adopt and amend local laws not inconsistent with the Constitution or any general law in relation to its property, affairs or government and in relation to the powers, duties, qualifications, etc., of its officers and employees. Municipal Home Rule Law § 10(1)(i), (ii)(a)(1).
Also, in our view the village's proposed local law does not violate any provisions of the State Constitution. See Golden v Clark, (Ct App, dec
10/23/90). Under review in Golden was a New York City charter provision requiring high city officers to forego certain political offices as a qualification for holding public office. The provision was attacked as violating provisions of the State Constitution providing the right to vote, the right against disfranchisement and guaranteeing equal protection. The Court of Appeals found:
 "Section 2604(b)(15) comes within the Clements
rationale [Clements v Fashing, 457 U.S. 957 (1982)]. It neither imposes a barrier to candidacies based on wealth nor restricts the political opportunity of minorities, minority political opportunity of minorities, minority political parties or independents by means of an impermissible classification scheme. Rather, the section is neutral in its application and the burden it imposes on certain high officeholders does not `depend upon political affiliation or political viewpoint' (see, Clements v Fashing, supra,
at 965). Moreover, the section has no direct impact on one's fundamental right to vote and it does not disfranchise any identifiable class of voters (see, Matter of Rosenstock, supra, [40 N.Y.2d 563 (1976)]). Its impact on voting rights is, at most, only incidental" (Golden, supra, sl op, p 8).
We believe that the village's proposed local law falls within the rationale of the Golden decision and, thus, does not violate a fundamental constitutional right.
We conclude that a village may enact a local law establishing qualifications for holding village positions.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.