■ In the Matter of THOMAS L. MURPHY, Appellant-Respondent, v STEPHEN G. DWORSKY, as City Manager of the City of Troy, et al., Respondents-Appellants. (And Two Other Related Proceedings.)—Mahoney, P. J. Cross appeals from three judgments of the Supreme Court (Travers, J.), entered April 3, 1990, April 10, 1990 and April 23, 1990 in Rensselaer County, which partially granted petitioners' applications, in three proceedings pursuant to CPLR article 78, to, *inter alia,* compel respondent City of Troy to reconvey certain property to petitioners.

Respondent City of Troy took title to properties previously owned by petitioners through in rem foreclosure proceedings, the validity of which are not in dispute. Pursuant to Troy City Code chapter 25½, petitioners sought reconveyance of the properties while the City advertised and accepted bids for them. At its December 7, 1989 meeting, respondent Troy City Council tabled petitioners' applications for reconveyance and accepted other proposals for sale of the properties. Petitioners then commenced these CPLR article 78 proceedings in the nature of mandamus to challenge the City's failure to reconvey the properties. Supreme Court found that the City had authority under its ordinance not to reconvey the properties to petitioners, but that the record of the City Council's determination was insufficient to determine whether it properly exercised its authority. Accordingly, Supreme Court remitted the proceedings to the City Council for elaboration. These cross appeals followed.

Petitioner Thomas L. Murphy contends that Troy City Code § 25½-5 is unconstitutionally arbitrary, overbroad and vague because it fails to establish any standards by which the City Council's discretion over reconveying property should be exer-

cised.* This provision provides in pertinent part: "The city council, in its discretion, may convey all of the property right, title and interest of the city in any property hereafter acquired by the city by virtue of any in rem foreclosure action to any person, association or corporation which, on the date of the filing of the list of delinquent taxes in such action, had been vested with title thereto" (Troy City Code § 25½-5). In other sections of Troy City Code chapter 25½, however, specific considerations in selling surplus property are delineated. For example, Troy City Code § 25½-1 provides that the City should consider the following factors: "(a) To sell under terms as will provide the longest benefit to the City of Troy; (b) To sell under such circumstances as will expedite development, rehabilitation and beautification of property sold; (c) To sell under such circumstances as will inhibit the return of property to the delinquent tax list; and (d) To obtain the most advantageous price to the city." With guidelines and considerations explicitly provided, we find no merit to Murphy's claim of unconstitutionality and an appropriate declaration must be made.

Petitioners argue that Troy City Code § 25½-5 requires reconveyance upon filing of a proper application. Contrary to petitioners' contention, the ordinance specifically provides that the City "in its discretion, may" reconvey property acquired by in rem foreclosure. Since the City was afforded discretion over reconveyance decisions, mandamus does not properly lie *(see, Klostermann v Cuomo,* 61 NY2d 525, 539). Petitioners next argue that Troy City Code § 25½-5 created a right by which former property owners could recover their property. The fact remains, however, that the ordinance is discretionary, creating no right of reconveyance. That petitioners might have received a letter from a City official mischaracterizing their ability to repurchase the property does not change the import of the law.

Finally, we see no reason for the matters to return to the City Council. Although the records fail to reveal any discussion about the determinations to convey the properties to

---

* To the extent that Murphy challenges the constitutionality of the ordinance, this proceeding must be converted to a declaratory judgment action *(see, Matter of FYM Clinical Lab. v Perales,* 147 AD2d 840, 841, *affd* 74 NY2d 539), which we shall do to promote judicial economy *(see,* CPLR 103 [c]). It may also be that these proceedings are not appealable as of right because Supreme Court's remittals render its dispositions nonfinal but, again to promote judicial economy, we *sua sponte* grant permission to appeal in each case *(see, Matter of Brown v O'Keefe,* 141 AD2d 915, 916).

others than petitioners at the City Council meeting, petitioners have failed to establish facts showing that the decisions were not a rational exercise of the City Council's discretion. It is obvious from the in rem foreclosures that petitioners' tax payment practices are suspect and the records reveal that the properties were sold for more than petitioners would have paid. These factors suggest that the City Council properly exercised its discretion and considered the appropriate factors delineated in Troy City Code chapter 25½.

Judgment entered April 23, 1990 modified, on the law, without costs, by reversing so much thereof as annulled the determination and remitted the proceeding; determination confirmed and it is declared that Troy City Code § 25½-5 has not been shown to be unconstitutional, and, as so modified, affirmed.

Judgments entered April 3, 1990 and April 10, 1990 modified, on the law, without costs, by reversing so much thereof as annulled the determinations and remitted the proceedings; determinations confirmed; and, as so modified, affirmed. Mahoney, P. J., Weiss, Mercure and Harvey, JJ., concur; Casey, J., not taking part.