■ In the Matter of LAUREN P. CARPINELLI, Respondent, v CITY OF KINGSTON et al., Appellants. (Proceeding No. 1.) In the Matter of PERCY S. RUSSELL, Respondent, v CITY OF KINGSTON et al., Appellants. (Proceeding No. 2.)—Mercure, J. Appeals from two judgments of the Supreme Court (Connor, J.), entered September 17, 1990 in Ulster County, which granted petitioners' applications, in two combined actions for declaratory judgment and proceedings pursuant to CPLR article 78, to, *inter alia,* annul a determination by respondent Mayor of the City of Kingston rescinding petitioners' appointments as members of the City's Board of Public Works.

Petitioner in proceeding No. 1, Lauren P. Carpinelli, was appointed Commissioner of Public Works in the City of Kingston, Ulster County, for a four-year term commencing September 6, 1989. Petitioner in proceeding No. 2, Percy S. Russell, was likewise appointed Commissioner of Public Works for a four-year term commencing September 12, 1988. The City's Board of Public Works (hereinafter Board) consisted of five members, including two enrolled Republicans (Russell and another individual) and two enrolled Conservatives (Carpinelli and another individual). On April 25, 1990, respondent Mayor of the City of Kingston rescinded the appointments of Carpinelli and Russell and then appointed respondents Anthony Fiore and Frank Di Pietro. The Mayor claimed that petitioners had been appointed by the former Mayor in violation of a provision of the City Charter which provided that "[n]ot more than two (2) Commissioners of Public Works shall belong to the same political party or be of the same political opinion on state and national issues". According to the Mayor, the Conservative and Republican members of the Board were "of the same political opinion" because both the Conservative Party and the Republican Party had supported the same candidates in what were then the most recent presidential and gubernatorial elections.

Petitioners commenced these combined actions for declaratory judgment and proceedings pursuant to CPLR article 78 seeking a judgment declaring, *inter alia,* that the Mayor's act of rescinding their appointments and appointing Fiore and Di Pietro was void and that the provision of the City Charter which provided that no more than two commissioners shall be of the same political opinion on State and national issues was unconstitutional. Eventually, after respondents answered, Supreme Court made declarations in petitioners' favor, and respondents now appeal.

Contrary to respondents' principal argument on appeal, we find that Supreme Court correctly declared that the portion of the City charter which provided that not more than two commissioners shall "be of the same political opinion on state and national issues" was unconstitutionally vague. It is well settled that a vagueness challenge is determined by the application of a two-part analysis. "First, the statute must provide sufficient notice of what conduct is prohibited; second, the statute must not be written in such a manner as to permit or encourage arbitrary and discriminatory enforcement" *(People v Bright,* 71 NY2d 376, 382; *see, Grayned v City of Rockford,* 408 US 104, 108-109). Under the second prong, a statute must set forth explicit standards for those who apply it in order to avoid "resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application" *(Grayned v City of Rockford, supra,* at 109; *see, Town of Islip v Caviglia,* 141 AD2d 148, 163, *affd* 73 NY2d 544).

In the instant case, the provision of the City Charter at issue fails to provide any objective standards or criteria in order to determine whether more than two commissioners are "of the same political opinion on state and national issues" *(cf., Matter of Murphy v Dworsky,* 170 AD2d 787; *Rent Stabilization Assn. v Higgins,* 164 AD2d 283, 295-296). As such, it impermissibly placed complete discretion in the hands of those enforcing the provision to determine who would be disqualified from serving as a commissioner *(see, People v Bright, supra,* at 384). Indeed, the Mayor's reasoning here, that all enrolled members of both the Republican and Conservative parties are of the same political opinion on State and national issues because both parties supported Andrew O'Rourke for Governor in 1986 and George Bush for President in 1988, unmistakably illustrates the arbitrariness permitted by the absence of guidelines.

Respondents' remaining arguments in favor of reversal and the constitutionality of the provision are similarly unavailing.

First, nothing in petitioners' attempts to seek a declaration concerning the constitutionality of the provision and its application to them renders this case nonjusticiable as a political question (see, Tribe, American Constitutional Law § 3-13, at 96-107 [2d ed]). Second, because petitioners' appointments were not rescinded under the clause which provided that not more than two commissioners shall belong to the same political party, but rather, under the clause which provided that not more than two commissioners shall be of the same political opinion on State and national issues, respondents' reliance upon *Rogers v Common Council* (123 NY 173) is misplaced. There, the Court of Appeals held that a statute which provided for the appointment of three civil service commissioners "not more than two of whom shall be adherents of the same party" was constitutional (*supra*, at 181; *see*, Civil Service Law § 15 [1] [a]; Public Officers Law § 73 [9]; Election Law §§ 3-100, 3-200; *see also*, NY Const, art VI, § 2 [d] [1]). Third and finally, we find no basis for respondents' reliance upon *Golden v Clark* (76 NY2d 618), upholding a provision of the New York City Charter which required high-ranking city officers to forego certain political offices as a qualification for holding public office, and *Matter of Rosenstock v Scaringe* (54 AD2d 779, *affd* 40 NY2d 563), finding no infirmity in Education Law § 2103 (3).

Mahoney, P. J., Casey, Weiss and Levine, JJ., concur. Ordered that the judgments are affirmed, with costs.