■ In the Matter of THOMAS E. CONNORS, Petitioner, v JUANITA CRABB, as Mayor of the City of Binghamton, Respondent.—Casey, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Broome County) to review a determination of respondent which suspended petitioner's employment as a police officer for the City of Binghamton for 45 days.

Petitioner, a police officer in the City of Binghamton Police Department in Broome County, was charged with incompetency and misconduct in violating the Department's rules for his actions during four separate incidents. Following a hearing, petitioner was found guilty of specifications 6 and 7 of charge I, relating to petitioner's conduct during the pursuit of a burglary suspect on February 2, 1990. Petitioner was also found guilty of all four specifications of charge III, relating to his conduct during an incident at Binghamton High School on September 28, 1990. Petitioner commenced this CPLR article 78 proceeding to review the determination of guilt.

Petitioner contends that the departmental rules which he was found to have violated under charge I are unconstitutionally vague. Specification 6 charged that petitioner violated the departmental rule which requires "every member of this Bureau to be thoroughly familiar with the provisions of the rules, regulations and orders governing this Bureau". Specification 7 charged that petitioner violated the departmental rule which requires that police officers "maintain the highest standards of efficiency in carrying out the functions and objectives of the Bureau". Applying the two-part analysis which requires that the challenged provision give sufficient notice of what conduct is prohibited and not be written in such a manner as to permit or encourage arbitrary and discriminatory enforcement *(Matter of Carpinelli v City of Kingston,* 175 AD2d 509), we conclude that the rule involved in specification 7 is unconstitutionally vague and uncertain *(see, Matter of Umar v New York State Narcotic Addiction Control Commn.,* 28 NY2d 732). The phrase "highest standards of efficiency" forces individuals of common intelligence to guess at its meaning *(see, Coates v Cincinnati,* 402 US 611, 614).

Turning to the departmental rule involved in specification 6, which requires officers to be "thoroughly familiar" with all departmental rules, we see no need to decide whether the rule is unconstitutionally vague. As petitioner points out, the factual findings which serve as the basis for the determination of guilt on this specification contain no reference to petitioner's lack of familiarity with any rule. The findings do refer to certain rules that petitioner may have violated, violations that were not contained in the charges, but the fact that petitioner may have violated a departmental rule does not necessarily establish that he was not thoroughly familiar with the rule. We conclude, therefore, that the determination of guilt as to specifications 6 and 7 of charge I must be annulled.

As to charge III, we reject petitioner's contention that the finding of guilt as to all four specifications is unsupported by substantial evidence. Charge III arose out of an incident which resulted in petitioner's arrest of a high school student. There is testimony in the record that during the course of the incident, petitioner pulled the student's hair, banged the student's head against a wall three or four times and violently threw the student to the floor, while directing obscenities at the student. Department rules prohibit the use of "more force in any situation than is reasonably necessary under the circumstances". We conclude that there is substantial evidence that petitioner used excessive force as charged in the first of the specifications under charge III. Although petitioner offered a different version of the events, there is no basis for disturbing the Hearing Officer's assessment of the witnesses' credibility *(see, Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979). We are also of the view that the evidence supports the finding of guilt as to specification 3, involving conduct unbecoming an officer, and specification 4, involving the failure to exhibit courtesy and to refrain from responding to the behavior to others. The finding of guilt as to specification 2, however, must be annulled, for it involves the same rule as specification 6 of charge I and there is no finding that petitioner was not "thoroughly familiar" with any specific departmental rule.

Weiss, Mikoll, Yesawich Jr. and Levine, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as imposed a penalty and found petitioner guilty of specifications 6 and 7 of charge I and specification 2 of charge III; petition granted to that extent and matter remitted to respondent for reconsideration of the penalty to be imposed; and, as so modified, confirmed.