Glenn S. Hackett, Esq. Informal Opinion County Attorney No. 97-50 County of Niagara Niagara County Courthouse Lockport, N Y 14094-2740
Dear Mr. Hackett:
You have asked whether a proposed local law amending the Niagara County Code of Ethics, which would prohibit any person appointed to a county office by the county legislature and/or the chairman of the legislature from holding an executive office in a political party organization, is lawful. Under the proposal, "executive office" is defined as the chairman, vice-chairman, treasurer or secretary of the party.
There is ample authority for the enactment of the proposed local law amending the Code of Ethics. Under section 806 of the General Municipal Law, each municipality, including a county, is required to adopt a code of ethics setting forth the standards of conduct reasonably expected of its officers and employees. By its terms, section 806 authorizes the ethics provision proposed by the county. Additionally, the proposal may be authorized under the grant of home rule authority in section 10 of the Municipal Home Rule Law, permitting local governments to enact local laws, consistent with the Constitution and general State laws, relating to their property, affairs or government; the powers, duties, qualifications, and other terms and conditions of employment of their officers and employees; and the protection, order, government, conduct, safety, health and well-being of persons or property therein. Municipal Home Rule Law § 10(1)(i) and (ii)(a)(1), (12).
The Court of Appeals has upheld a similar provision. A proposed amendment to the New York City Charter requiring certain high City officers to forego specific political party offices as a qualification for holding public office was before the Court in Golden v. Clark, 76 N.Y.2d 618
(1990). The proposal was attacked on several grounds under the State Constitution including denial of equal protection of the law. Golden v.Clark, 76 N.Y.2d at 624.
The Court discussed its prior decision in Matter of Rosenstack v.Scaringe, 40 N.Y.2d 563 (1973), in which the plaintiff challenged section2103(3) of the Education Law, which prohibits more than one member of a family from being a member of the same board of education in any school district. In Rosenstack, the Court of Appeals held, citing, Bullock v.Carter, 405 U.S. 134, 142-144 (1972), that the direct impact of the law was on the right to hold office which did not warrant strict scrutiny of the statute in determining an equal protection challenge. Golden v.Clark, 76 N.Y.2d at 624. The Court of Appeals in Rosenstack reasoned that the statute had only an incidental effect and did not disenfranchise any identifiable class of the electorate. Golden v. Clark, 76 N.Y.2d at 624. Rejecting the equal protection challenge, the Court applied a rational basis test and found the law to be rationally related to the legitimate State interest of ensuring that a board of education represents a wide cross section of the community. Golden v. Clark, 76 N.Y.2d at 624. The Court in Golden found no basis for distinguishing the position of school board member, reviewed in Rosenstack, from offices of other municipal corporations. Golden v. Clark, 76 N.Y.2d at 624.
In that the State Constitution's Equal Protection guarantee is as broad as coverage under the Fourteenth Amendment, the Court in Golden also considered two types of ballot access cases identified by the United States Supreme Court to involve fundamental rights and, therefore, requiring heightened scrutiny. Golden v. Clark, 76 N.Y.2d at 624. These cases involved restrictions based on wealth, which unfairly burden political opportunity, and restrictions arising from classifications imposing burdens on new or small political parties or independent candidates. Golden v. Clark, 76 N.Y.2d at 624. The Court of Appeals found that the proposed amendment to the City Charter was neutral in its application and did not create a barrier based on wealth, political affiliation or political viewpoint. Golden v. Clark, 76 N.Y.2d at 626.
The Court reasoned that the proposed amendment to the New York City Charter could be sustained against an equal protection challenge if it was shown to be rationally related to a legitimate State interest. Goldenv. Clark, 76 N.Y.2d at 626. The purpose of the proposed amendment of the New York City Charter was described and found by the Court of Appeals to promote a legitimate governmental interest:
 Section 2604(b)(15) is intended to eliminate conflicts of interest that arise when high public officials are simultaneously subject to the demands of both their constituencies and their political parties, to broaden opportunities for political and public participation, to reduce the opportunities for corruption inherent in dual officeholding, and, through all of these methods, to increase citizens' confidence in the integrity and effectiveness of their government. These are legitimate governmental purposes and have been identified as such both judicially and legislatively. Golden v. Clark, 76 N Y 2d at 626.
The Court of Appeals also found that the proposed charter provision did not prohibit City officials from engaging in a broad range of personal or financial activity in support of a candidate or cause. Golden v. Clark,76 N.Y.2d at 630. "Any de minimis burden the Charter provision imposes on individual rights of expression or association is justified by the important governmental interests underlying it." Golden v. Clark,76 N.Y.2d at 630.
In our view, assuming appropriate legislative findings have been made by the Niagara County legislature establishing a legitimate governmental interest, the proposed amendment to the Niagara County Code of Ethics is authorized and lawful.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions