GEORGE CANNATA et al., Appellants, v. CITY OF NEW YORK, Respondent.

In our opinion, condemnation is authorized, not only for slum clearance, but also to eliminate areas of " intangible " physical blight, i.e., areas which tend to create slums or which tend to impair or arrest the sound growth of the city. Such a purpose is public; redevelopment may properly be accomplished by private persons; and the area condemned may thereafter be properly used for nonresidential purposes (*People ex rel. Adamowski* v. *Chicago Land Clearance Comm.,* 14 Ill. 2d 74; *Wilson* v. *City of Long Branch,* 27 N. J. 360, cert. denied 358 U. S. 873; *Redevelopment Agency of City & County of San Francisco* v. *Hayes,* 122 Cal. App. 2d 777, cert. denied 348 U. S. 897; *Opinion of the Justices,* 334 Mass. 760; *Berman* v. *Parker,* 348 U. S. 26). The power thus exercised comes within the provisions of section 1 of article XVIII of the Constitution of the State of New York even though the area is not a slum with tangible physical blight (*Diehm* v. *City of New York,* 208 Misc. 209; *Graham* v. *Houlihan,* 147 Conn. 321, cert. denied 364 U. S. 833). In actions for declaratory judgment, the granting of a motion by defendant for judgment on the pleadings should not result in dismissal of the complaint, but in a declaration on the merits in favor of defendant (*Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45; *Strauss* v. *University of State of New York,* 282 App. Div. 593). Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur. [24 Misc 2d 694.]