■ ACACIO RODRIGUES et al., Petitioners, v TOWN OF BEEKMAN, Respondent.—Proceeding pursuant to EDPL 207 to review a determination of the Town of Beekman, dated September 13, 1984 relative to the acquisition of certain real property owned by the petitioners.

Determination confirmed and proceeding dismissed, with costs.

The petitioners challenge the proposed taking of a strip of land, about 50 feet in width and 400 feet in length, and situated at the northern terminus of a cul-de-sac, for the purpose of extending a road through an adjacent 40-lot subdivision to connect with another town road. They maintain that the taking of this property is not for a "public use, benefit or purpose" (EDPL 204 [b] [1]), but will only inure to the benefit of the private developer of the neighboring subdivision. We disagree. The town board's finding that the proposed construction of the road "will benefit the public by being more economical to maintain, plow and sand, provide better and safer access for emergency vehicles, and provide closer access to the neighboring subdivision for public utility service" is amply supported by testimony adduced at the public hearing. That the intended use may confer an incidental private benefit will not invalidate the public use (see, Denihan Enters. v O'Dwyer, 302 NY 451; Ross v State of New York, 30 AD2d 681, affd 23 NY2d 807).

Similarly unavailing is the petitioners' claim that the Town of Beekman failed to provide the required statutory notice of public hearing pursuant to EDPL 202. A revised affidavit of publication clearly indicates that the statutory notice was given to the public since the notice was duly published in a local newspaper in five successive issues commencing on August 19, 1984, 10 days before the public hearing was held (see, Matter of Legal Aid Socy. v City of Schenectady, 78 AD2d 933).

Likewise, there is no merit to the petitioners' claim that by virtue of the agreement between the town and the developer, Satellite Investments, the town had unlawfully redelegated its powers of eminent domain and that that developer was the "condemnor in reality". Once the town had conducted a public hearing and determined that the proposed acquisition in condemnation was to further a public use and was in the

public interest, the town apparently resolved that both the economic and legal burdens of the condemnation should rightfully be borne by the developer, since the development of the road was a condition of approval of its subdivision. The agreement to this effect with the developer was not a redelegation by the town of its condemnation authority. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.