■ In the Matter of ALEXIS RUSSIN, Petitioner, v TOWN OF UNION OF BROOME COUNTY, Respondent.—Harvey, J. Proceeding initiated in this court pursuant to EDPL 207 to review a determination of respondent which authorized acquisition of

petitioner's real property for, *inter alia,* the reconstruction, extension and realignment of two of respondent's streets.

On January 21, 1987, respondent's Town Board adopted a resolution whereby a public hearing pursuant to EDPL article 2 was to be held regarding the acquisition of certain land in order to extend North McKinley Avenue and realign Pine Street, purportedly to eliminate a dangerous intersection. The land to be acquired included approximately 4.28 acres of a parcel owned by petitioner. Petitioner received notice of the hearing and attended with his attorney. At the hearing, respondent specified that in addition to doing street improvements, a large part of the acquired property would be used to construct 19 two-family homes. Respondent planned to sell these homes to low-income elderly individuals. Following the hearing, respondent published its determinations and findings *(see,* EDPL 204) and ultimately resolved to undertake the projects. Petitioner commenced this proceeding challenging respondent's determination.

To the extent respondent seeks to condemn property to eliminate a dangerous intersection, the existence of a valid public use has not been challenged and respondent is thus entitled to exercise its right of eminent domain for that purpose *(see, Matter of Terrace W. v City of Plattsburgh,* 73 AD2d 763, *appeal dismissed* 49 NY2d 916; *Matter of Watkins v Ughetta,* 273 App Div 969, *affd* 297 NY 1002). However, respondent seeks to acquire far more property than is necessary for the street improvements. The majority of the property is to be used to construct housing which will then be sold to low-income elderly individuals. The issue of merit raised in the petition before this court is whether a public use has been established for this project.

Determination of this issue is within this court's scope of review *(see,* EDPL 207 [C]). The showing of a public use is a prerequisite to the exercise of the right of eminent domain (NY Const, art I, § 7; *Fifth Ave. Coach Lines v City of New York,* 11 NY2d 342, 347; *People v Adirondack Ry. Co.,* 160 NY 225, 238, *affd* 176 US 335). In the area of housing, a public use is generally found in and of itself if (1) the project will eliminate or prevent slums or blighted areas, even if the property is subsequently developed privately, or (2) the project will provide low-rent housing *(see, Yonkers Community Dev. Agency v Morris,* 37 NY2d 478, *appeal dismissed* 423 US 1010; *Cannata v City of New York,* 14 AD2d 813, *affd* 11 NY2d 210, *appeal dismissed* 371 US 4; *see generally,* 2A Nichols, Eminent Domain §§ 7.42-7.43 [3d ed]).

Here, there are no allegations or proof that the property respondent seeks to condemn is a blighted area. Nor does the proposed project appear to fit within provisions of the NY Constitution which address housing for low-income persons *(see,* NY Const art XVIII). NY Constitution, article XVIII, § 10 states that "nothing in this article contained shall be deemed to authorize or empower the state, or any city, town, village or public corporation to engage in any private business or enterprise other than the building and operation of low *rent* dwelling houses for persons of low income as defined by law" (emphasis supplied). The proposal here provides for the construction of houses to be *sold* to elderly individuals. The proposed project fails to comply with the constitutional requirements regarding low-income housing and no authority has been provided indicating that the project otherwise constitutes a recognizable public use *(see, Yonkers Community Dev. Agency v Morris, supra,* at 482). Hence, the determination should be annulled.

Determination annulled, with costs, and petition granted. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.