*720 OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
Petitioner brought this proceeding directly in the Appellate Division, pursuant to EDPL article 2, to challenge the taking of a parcel of its real property located along Harry L. Drive in the Village of Johnson City in Broome County. The condemnation was made by respondent in connection with its proposed construction of a four-way intersection for access to and from the Oakdale Mall and property across Harry L. Drive, which is owned by Wegmans Enterprises, Inc.
Petitioner claims that the additional road access provided to Wegmans by the four-way intersection results primarily in a private benefit, thereby undermining respondent’s conclusion that the condemnation of petitioner’s property is for a public use. Additionally, petitioner argues that by making a $1.5 million commitment to the project, Wegmans improperly induced respondent to condemn its property for Wegmans benefit. This inducement supposedly resulted in bias and a tainted condemnation procedure. Because of respondent’s dealings with Wegmans, petitioner argues that an additional due process hearing, and related discovery, are required. Finally, petitioner maintains that respondent’s acceptance of Wegmans’ offer was without express statutory authority, and constitutes an illegal "contracting away” of respondent’s eminent domain power.
EDPL 207 is a summary proceeding in which the scope of review is expressly limited "to whether the proceeding was constitutional or within the agency’s statutory jurisdiction; whether the agency made its determination and findings in accordance with the procedures set forth in article 2; and whether 'a public use, benefit or purpose will be served by the proposed acquisition’ ” (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 418; see, Pizzuti v Metropolitan Tr. Auth., 67 NY2d 1039, 1041). If an adequate basis for a determination is shown "and the objector cannot show that the determination was 'without foundation’, the agency’s determination should be confirmed” (Matter of Jackson v New York State Urban Dev. Corp., supra,, at 425, quoting Long Is. R. R. Co. v Long Is. Light. Co., 103 AD2d 156, 168, affd 64 NY2d 1088; see, Matter of Neptune Assocs. v Consolidated Edison Co., 125 AD2d 473, 474; Matter of Town of Coxsackie v *721 Dernier, 105 AD2d 966). In addition, an incidental private benefit will not invalidate an agency’s determination so long as the public purpose is dominant (see, Yonkers Community Dev. Agency v Morris, 37 NY2d 478; Board of Hudson Riv. Regulating Dist. v Fonda Johnstown & Gloversville R. R. Co., 249 NY 445, 452-454; Rodrigues v Town of Beekman, 120 AD2d 724, appeal dismissed 69 NY2d 822; Matter of Terrace W. v City of Plattshurg, 73 AD2d 763; Evans v State of New York, 34 AD2d 1007, affd 28 NY2d 844; Ross v State of New York, 30 AD2d 681, affd 23 NY2d 807; Bunyan v Commissioners of Palisades Interstate Park, 167 App Div 457, 466-467).
Upon this record, there can be no serious question that the proposed condemnation project will serve a public purpose. Three public studies since 1978 have found that increasing traffic congestion in the vicinity of the Oakdale Mall poses a serious problem of growing concern. Each of the studies concluded that the best solution for this problem would be to widen Harry L. Drive and place a single four-way intersection at the current western entrance to the mall. Since the selection of a particular site for the intersection is properly a matter for the condemning authority rather than the court (Matter of Neptune Assocs. v Consolidated Edison Co., supra, at 475; see, Village Auto Body Works v Incorporated Vil. of Westbury, 90 AD2d 502, appeal dismissed 58 NY2d 778), and the taking of petitioner’s property will surely help to relieve the serious traffic problems which currently exist, respondent’s decision is amply supported by the record.
Wegmans’ benefit of increased access to Harry L. Drive is clearly incidental to the public use and community benefit which will be the dominant result of the project (see, Evans v State of New York, supra; Ross v State of New York, supra; Rodrigues v Town of Beekman, supra; cf., Denihan Enters. v O’Dwyer, 302 NY 451). That Wegmans’ motives in making the $1.5 million commitment to the project are not completely altruistic is of no legal consequence. The public good is enhanced by its efforts. Hence, we reject petitioner’s argument that a condemnation proceeding is automatically tainted by the financial involvement of a private party. In addition, we note that two of the traffic studies were completed before Wegmans even acquired its property south of Harry L. Drive, and that it was respondent which initiated contact and proposed a joint venture. Thus, petitioner’s inducement argument is dubious at best.
It is also apparent that respondent had sufficient statu *722 tory authorization for this public/private development project. The proposed acquisition was plainly within the village’s statutory authority since the village is empowered to acquire title by condemnation for the purpose of laying out or widening streets and to accept conditional gifts (EDPL 207 [C] [2]; see, General Municipal Law § 74; Village Law § 1-102 [1], [2]; § 6-612; Matter of Russin v Town of Union, 133 AD2d 1014; Kendall v County of Dutchess, 130 AD2d 461). We also reject petitioner’s allegation of an invalid or illegal "contracting away” of respondent’s eminent domain power since there was no quid pro quo between Wegmans’ offer of financial assistance and respondent’s decision to condemn land (see generally, Collard v Incorporated Vil. of Flower Hill, 52 NY2d 594, 601). The ultimate decision on the project remained at all times in the hands of respondent. Respondent was free to proceed with this project or not to proceed solely at its own discretion.
Finally, we conclude that petitioner’s mere allegations of bad faith do not justify the judicial creation of an additional "due process” hearing. At the public hearing petitioner was free to present any evidence to undermine the bona fides of the legislative body’s decision-making process. Having completely failed to do so, petitioner cannot now be heard to complain.
We have considered petitioner’s remaining contentions and conclude that they are without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur; Judge Hancock, Jr., taking no part.
Judgment affirmed, with costs, in a memorandum.