In the Matter of PERRY B. DURYEA, JR., as Executor of PERRY B. DURYEA, Deceased, et al., Petitioners, v TOWN OF EAST HAMPTON, Respondent.—Proceeding pursuant to EDPL 207 to review the respondent's proposed acquisition, after a public hearing, of portions of the petitioners' properties, which include a private road known as "Navy Road."

Adjudged that the petition is denied, with costs, and the proposed acquisition is allowed to proceed.

The petitioners are owners in fee of real property situated along the shore of Fort Pond Bay in the Town of East Hampton, Suffolk County. Included on each petitioner's parcel is a private road known as "Navy Road," which runs roughly parallel to the shore line of Fort Pond Bay. Dune Associates (hereinafter Dune) was the owner of approximately 580 acres of undeveloped land (hereinafter the "Hither Woods" property) near Fort Pond Bay.

The record indicates that there was some dispute as to whether Navy Road was in fact a private road. There had been prior litigation to determine the precise status of Navy Road, but this litigation was never conclusively resolved.

In the fall of 1986 the Town of East Hampton entered into a series of negotiations with Dune, the State, Suffolk County, and the Nature Conservancy, a nonprofit corporation, to acquire the bulk of Hither Woods (approximately 558 acres) in order set it aside as preserved land. Eventually, the State, Suffolk County, the Town, and the Nature Conservancy entered into a multi-lateral agreement (hereinafter the Agreement) on January 27, 1987. Dune was not a signatory to the Agreement. Under the terms of the Agreement, Nature Conservancy agreed that it would purchase 558 acres from Dune, and in exchange, the State, County and Town agreed to purchase the 558 acres from Nature Conservancy soon after it acquired title. In addition, the Town agreed to rezone Dune's remaining 22 acres to permit development, and to acquire Navy Road by "fee acquisition, gift or condemnation, if necessary" as well as improve the condition of the road.

The Town is now proposing to acquire by condemnation a number of parcels, including three owned by the petitioners, in order to make Navy Road a public road. At a public hearing held pursuant to EDPL 201, the Town stated that its reasons for acquiring the parcels were (1) to clarify the status

of the road, (2) to improve access for Dune's proposed developement of its 22 acres, and (3) to bring the road up to Town standards.

In this proceeding, our scope of review is limited to the question of whether "a public use, benefit or purpose will be served by the proposed acquisition" (EDPL 207 [C] [4]). We reject the petitioners' contentions that the proposed acquisition would only benefit Dune, and thus lacks a public purpose, and that by entering into the Agreement the Town impermissibly contracted away its discretion to condemn to a private party (see, Matter of Waldo's, Inc. v Village of Johnson City, 74 NY2d 718).

The acquisition of private lands to establish public roads is perhaps one of the best examples of acquisitions which confer a public benefit (see, Matter of Burns, 155 NY 23; see also, Matter of Waldo's, Inc. v Village of Johnson City, supra; Rodrigues v Town of Beekman, 120 AD2d 724; Ross v State of New York, 30 AD2d 681, affd 23 NY2d 807). The fact that the acquisition may benefit one person, or a class of persons more than others does not mean the acquisition is improper (see, Matter of Waldo's, Inc. v Village of Johnson City, supra; Matter of Burns, supra). Here, while it may be true that Dune would benefit more than others, the fact remains that the public will have a new road to travel on, and thus, have more access to other public roads. In addition, the Town's purpose in acquiring the road was also motivated by a desire to clarify the status of the road and improve its condition, two permissible objectives. The Town was also not compelled to exercise its eminent domain power under the Agreement. The Agreement specifically mentioned other methods by which the Town could acquire the road. Finally, since Dune was not a signatory to the agreement it can at best only be considered an incidental beneficiary of the contract. For these reasons, we find that the case is not distinguishable from Matter of Waldo's, Inc. v Village of Johnson City (supra). The Town established a public purpose and benefit, and thus the acquisition should be allowed to proceed. Mangano, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.