In the Matter of SARATOGA WATER SERVICES, INC., et al., Petitioners, v SARATOGA COUNTY WATER AUTHORITY, Respondent.

Third Department, April 22, 1993

## APPEARANCES OF COUNSEL

*Roland, Fogel, Koblenz & Carr,* Albany *(Usher Fogel* of counsel), for petitioners.

*Tabner & Laudato,* Albany *(John W. Tabner* of counsel), for respondent.

HARVEY, J.

In 1990 the Legislature created respondent by means of the Saratoga County Water Authority Act for the purpose of ensuring an adequate water supply for the future of Saratoga County (L 1990, ch 678; Mem of Sen. Bruno, 1990 NY Legis Ann, at 333-334; Public Authorities Law tit 8-F). Thereafter, in March 1992, respondent issued two notices of public hearing informing the public that it was considering acquiring through condemnation a portion of the assets and real property of petitioner Saratoga Water Services, Inc. (hereinafter SWSI), a domestic corporation which provides water to certain residents of Saratoga County, and also a portion of property and some easements over land owned by, among others, the remaining petitioners in this proceeding, who are landowners in the Town of Malta, Saratoga County. The public hearing, scheduled for April 2, 1992, was for the principal purpose of determining the need for and location of respondent's proposed acquisition of SWSI and its impact on the environment and local residents. At the hearing, petitioners collectively provided respondent with written comments opposing the proposal.

On June 18, 1992 respondent, which had previously declared itself to be the lead agency for the purpose of determining the environmental impact of the proposed project, completed its review under the State Environmental Quality Review Act (ECL art 8) and determined that the project was an unlisted action which would not have a significant impact upon the environment. On that same day, respondent also issued two separate "determination and findings statements" which concluded, *inter alia,* that the acquisition of petitioners' assets and property was required for the maintenance and operation of a water system in the Town of Malta that would supply its inhabitants with potable water. It was further indicated that acquisition of petitioners' assets would implement and assist in the creation of a coordinated public water system in Saratoga County. These determinations were published in two local newspapers. Subsequently, petitioners initiated this special proceeding in this Court pursuant to EDPL 207 to challenge these determinations.

■ Initially, we must reject petitioners' challenges to the constitutionality of Public Authorities Law § 1199-eee (5). This provision sets out respondent's authority to acquire, by vari-

ous means, any real or personal property necessary to serve its purpose and also the method of compensation to be employed in condemnation situations. With respect to such compensation, the statute specifically provides that: "[I]n any proceeding brought by [respondent] to condemn real property * * * compensation shall be paid only upon (a) a decision by the supreme court that compensation for the real property condemned shall be determined solely by the income capitalization method of valuation based on the actual net income as allowed by the public service commission, and (b) such supreme court's determination that the amount of such compensation shall be based on the income capitalization method, entry of a final judgment, the filing of the final decree and the conclusion of any appeal or the expiration of the time to file an appeal related to the condemnation proceeding. If any court shall utilize any method of compensation other than the income capitalization method, or if the proposed compensation is more than the rate base of the assets taken in condemnation, as utilized by the public service commission in setting rates and as certified by such commission, then the authority may withdraw the condemnation proceeding without prejudice or costs to any party" (Public Authorities Law § 1199-eee [5]). Petitioners argue that Public Authorities Law § 1199-eee (5) deprives them of their property without due process of law because it restricts the methods for determining just compensation to the net income capitalization methodology. Moreover, petitioners assert that the statute impermissibly removed the determination of just compensation from the Judiciary and vested it in the Legislature.

We cannot agree with petitioners' arguments. A statute, which is presumed to be constitutional, must be construed so as to uphold its constitutionality if there is a rational basis for doing so (see, Alliance of Am. Insurers v Chu, 77 NY2d 573, 585; Wittenberg v City of New York, 135 AD2d 132, 137, affd 73 NY2d 753; see also, McKinney's Cons Laws of NY, Book 1, Statutes § 150 [c]). While the Legislature is forbidden from usurping the Judiciary's responsibility to determine what is just compensation for condemned property (see, Matter of City of New York [Brookfield Refrig. Corp.—Zoloto], 58 NY2d 532, 537), in this case we conclude that Public Authorities Law § 1199-eee (5) can rationally be interpreted so as not to abrogate petitioners' rights to receive from Supreme Court a determination of just compensation providing them with the "fair market value of the condemned property in its highest

and best use on the date of the taking" *(Matter of City of New York [Franklin Record Ctr.],* 59 NY2d 57, 61). Significantly, the statute does not dictate that the income capitalization method must be used in determining just compensation. Although its language may imply a preference for this method of computation, the phrasing concerning this method only relates to when title will vest in respondent.

Notably, the final sentence of Public Authorities Law § 1199-eee (5) provides that Supreme Court may use any other method of computation. Under these circumstances, respondent would then have the opportunity to withdraw the proceeding and no longer pursue condemnation of the property. Accordingly, Supreme Court is free to determine what is the fair market value of the property and respondent has to either accept that amount or discontinue the condemnation proceeding. Because such an interpretation upholds the constitutionality of the statute, petitioners' contentions on this point must fail.

■ We similarly reject petitioners' assertion that Public Authorities Law § 1199-eee (5) is unconstitutionally vague because it allegedly fails to establish when a taking occurs so that the valuation of the property can be decided. To survive a vagueness challenge a statute must be sufficiently definite to provide a person of ordinary intelligence with fair notice of any prohibited conduct and it must also be written so that arbitrary and capricious enforcement is not encouraged *(see, Matter of Carpinelli v City of Kingston,* 175 AD2d 509, 510; *Town of Islip v Caviglia,* 141 AD2d 148, 163, *affd* 73 NY2d 544). Contrary to petitioners' arguments, the statute sufficiently defines when the property vests in respondent and therefore is not open to arbitrary or capricious enforcement.

Specifically, the statute indicates that if Supreme Court values the property according to the income capitalization method, title to the property vests in respondent once the determination of just compensation has been made, a final judgment is entered, the final decree is filed and the appeal process ends either by expiration of the time for appeal or the completion of an appeal. The statute provides no different time for vesting simply because an alternative method of compensation is provided for in the last sentence of Public Authorities Law § 1199-eee (5). In situations where a method of computation other than the income capitalization method is employed and respondent chooses not to withdraw the condemnation proceeding rather than take title, title similarly

vests when no further appeal can be taken either because the time for taking an appeal has expired or the appeal process has been completed. This latter conclusion is drawn by reading the final two sentences of Public Authorities Law § 1199-eee (5) together and substituting the alternative methodology employed for the language specifying the income capitalization method. Given this logical conclusion and an understanding that respondent's opportunity to withdraw would have to be completed prior to the expiration of the time to complete the possible appeal process in order to lend some finality to the scenario, it is apparent that there is no real ambiguity in determining when title to property would vest. As indicated, in providing for an alternative computation methodology the Legislature declined to provide for a different time for vesting. It can therefore be concluded that a similar time for vesting would be allowed when alternative methods are used, allowing for respondent to withdraw its application within that time frame.

■ Next, we reject petitioners' argument that respondent does not have the authority to condemn any property which is not regulated by the Public Service Commission. This argument is based on the language of Public Authorities Law § 1199-eee (5) which states that title to condemned property shall vest in respondent when Supreme Court decides that the compensation for the real property shall be determined based on "the income capitalization method of valuation based on the actual net income as allowed by the public service commission". This contention is specious, however, because the language upon which petitioners rely only relates to when title vests in respondent. Notably, the fact that the statute provides for alternative methodologies to value property is a recognition that not all properties to be acquired would fall under the auspices of the Public Service Commission. This is consistent with the language in Public Authorities Law § 1199-eee (5) providing that respondent has the authority "[t]o acquire * * * by condemnation pursuant to the [EDPL] within the district * * * *any* real or personal property or *any* interest therein, within or without the district, as [respondent] may deem necessary, convenient or desirable to carry out the purpose of this title" (emphasis supplied). As this language makes clear, respondent has the authority to condemn any property necessary to fulfill its purpose of insuring "an adequate supply of fresh water in Saratoga County in future years" (Mem of Sen. Bruno, 1990 NY Legis Ann, at 333).

Along these lines, we also reject petitioners' contention that there is no support in the record for the proposition that respondent's acquisition of the property and assets would be for a public benefit, use or purpose. Significantly, our review on this point is limited and we are constrained to uphold a condemnation if it serves any public use, purpose or benefit *(see, Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 425; *Matter of Duryea v Town of E. Hampton,* 172 AD2d 752, 753). Here, the record established that respondent condemned the property to fulfill its purpose of providing an adequate water supply to Saratoga County, which is a sufficient public use and purpose *(see, Matter of Wechsler v New York State Dept. of Envtl. Conservation,* 153 AD2d 300, 303, *affd* 76 NY2d 923; *Matter of Vaccaro v Jorling,* 151 AD2d 34, 39, *appeal dismissed* 75 NY2d 946, *lv denied* 76 NY2d 704, *cert denied* 498 US 963).

We find next that the record does not support the contention that there was an excessive taking because of an allegedly alternative and superior route for the acquisition that petitioners proposed and would involve the annexation of less of their property. Petitioners' proposed route took the water lines on a route which did not connect directly to the water mains over the shortest route. Respondent's route, on the other hand, goes more directly to the water mains. Given this factor, the public purpose to be served by the condemnation and the fact that respondent's proposed route was found not to pose any significant environmental concerns, we conclude that there was no excessive taking *(see, Matter of Wechsler v New York State Dept. of Envtl. Conservation, supra,* at 303).

Petitioners' remaining arguments have been examined and have been found to be similarly unavailing. Other than some minor numerical referencing errors, we find that the notice sent by respondent to petitioners sufficiently identified the parcels of property to be affected by the condemnation proceeding to satisfy due process in compliance with EDPL 202 (A) *(see, supra).* Further, it is apparent that petitioners were not deprived of a meaningful opportunity to comment upon and challenge the condemnation proceeding.

MIKOLL, J. P., LEVINE, CREW III and CASEY, JJ., concur.

Adjudged that the determinations are confirmed, without costs, and petition dismissed.