■ In the Matter of the Acquisition of Real Property by the SARATOGA COUNTY WATER AUTHORITY. SARATOGA COUNTY WATER AUTHORITY, Respondent; SARATOGA WATER SERVICES, INC., et al., Appellants, et al., Respondents. [675 NYS2d 222] —Carpinello, J. Appeal from an order of the Supreme Court (Williams, J.), entered November 6, 1997 in Saratoga County, which, in a proceeding pursuant to EDPL article 4, granted petitioner's application for the acquisition by condemnation of certain real property.

Petitioner is a public benefit corporation created pursuant to Public Authorities Law § 1199-aaa for the purpose of ensuring an adequate water supply for the future of Saratoga County (L 1990, ch 678). Consequently, in April 1992, a public hearing was held pursuant to EDPL 201 in regard to the acquisition of certain parcels of real property in furtherance of petitioner's plan to construct a coordinated water supply system. In June 1992, petitioner issued determinations and findings in which it concluded that the acquisition of certain assets of respondent Saratoga Water Services, Inc., as well as certain real property owned by other respondents, was a necessary initial step towards achieving this plan. A challenge to petitioner's determinations as, *inter alia*, an unconstitutional deprivation of property without just compensation was rejected by both this Court and the Court of Appeals (*Matter of Saratoga Water Servs. v Saratoga County Water Auth.*, 190 AD2d 40, *affd* 83 NY2d 205).

Thereafter, petitioner sought and obtained a permit from the Department of Environmental Conservation (hereinafter DEC) to acquire the existing water supply and distribution system owned by Saratoga Water as well as the existing water supply source owned by respondent Luther Forest Corporation (*see, Matter of Saratoga Water Servs. v Zagata*, 247 AD2d 788). Petitioner then commenced this proceeding pursuant to EDPL article 4 and Public Authorities Law § 1199-eee (5) to acquire by condemnation the required assets (including land, easements and personal property) owned by Saratoga Water, Luther Forest and respondents William R. Mackay, Carol Mackay, and Alexander L. Mackay (hereinafter collectively referred to as respondents). Respondents moved to dismiss the petition on several grounds. Supreme Court thereafter denied the motion to dismiss and granted the petition. Respondents appeal.

We affirm. Contrary to respondents' argument, the valuation procedure outlined in Public Authorities Law § 1199-eee (5) does not impermissibly require Supreme Court to render an advisory opinion (*see, New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 529; *Matter of Rubin v New York State Educ. Dept.*, 210 AD2d 550, 551) simply because it first requires Supreme Court to supply the parties with a valuation figure for the properties, after which petitioner has the option either to accept the figure or to withdraw from the proceeding altogether. The propriety of the valuation procedure was examined extensively in this Court's prior decision (*see, Matter of Saratoga Water Servs. v Saratoga County Water Auth.*, 190 AD2d 40, *supra*) and the Court of Appeals' affirmance thereof (*see, Matter of Saratoga Water Servs. v Saratoga County Water Auth.*, 83 NY2d 205, *supra*), and we find no reason to invalidate it based upon the arguments advanced by respondents on this appeal.

We also reject respondents' most recent due process challenge to the original 1992 condemnation notice provided to them pursuant to EDPL 202 (A). Specifically, respondents point out that not all of the assets sought to be condemned in the subject proceeding were referenced in the EDPL 202 (A) notice. Accordingly, respondents maintain that petitioner failed to abide by EDPL article 2 by not conducting a public hearing on all of the assets included in the proposed acquisition map that accompanied the subject petition. Respondents' argument is specious. It is undisputed that these additional assets consisted of expansions to Saratoga Water's system which were installed *after* the legal notice was issued. Given the concession by respondents' attorney at oral argument that Saratoga Water

knew in 1992 that petitioner was seeking to acquire all of its existing water supply and distribution system, we cannot adopt respondents' view that the failure to include in the 1992 notice a description of assets that Saratoga Water did not then possess constitutes a viable due process argument. Further, the additional "acquisition is de minimis in nature so that the public interest will not be prejudiced by the construction of the project [without additional notice]" (EDPL 206 [D]).

The remaining issues raised by respondents have been examined and found to be unpersuasive, including respondents' contention that the relief requested in the petition violated the guidelines outlined by the Court of Appeals in *Matter of Saratoga Water Servs. v Saratoga County Water Auth. (supra)*. Furthermore, Supreme Court properly rejected respondents' speculative argument that the petition should be dismissed because petitioner, who has the statutory power to borrow funds (*see,* Public Authorities Law § 1199-eee *et seq.*), is allegedly insolvent and could not provide respondents with just compensation or damages. Finally, Supreme Court did not abuse its discretion in failing to permit respondents to submit an answer in this special proceeding following denial of the motion to dismiss (*see,* CPLR 404 [a]).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.