In the Matter of STEVEN J. BOND, Petitioner, v VILLAGE OF POTSDAM, Respondent. [768 NYS2d 684]—

Crew III, J.P. Proceeding initiated in this Court pursuant to EDPL 207 to review a determination of respondent which found that there was a public benefit to be served by the proposed condemnation of petitioner's property.

Petitioner commenced this proceeding pursuant to the EDPL seeking to reject respondent's determination that acquisition of petitioner's real property, located in the Village of Potsdam, St. Lawrence County, did not serve a valid public purpose and that the proceeding was not in conformity with the statutory provisions provided therefor (see EDPL 207 [C] [3] [4]). Petitioner's litany of objections to the proceeding leading to respondent's determination merits little discussion. A review of the record makes plain that the proceeding was constitutional, the proposed acquisition was within respondent's statutory authority, the determination and findings were made in compliance with the EDPL procedural guidelines and the proposed acquisition clearly served a valid public purpose (see EDPL 207; *Matter of Waldo's, Inc. v Village of Johnson City*, 74 NY2d 718, 720 [1989]).

Some discussion is, however, merited regarding petitioner's contention that respondent's written offer to purchase petitioner's property was not in compliance with the terms of EDPL 304. Particularly, petitioner contends and respondent concedes that the offer to purchase did not include notice that petitioner could reject or accept same or that the sum offered could be used as an advance payment pending judicial determination of adequate compensation. We need note only that an offer to purchase is not required until eminent domain proceedings have been initiated subsequent to respondent's determination and findings that the proposed acquisition served a valid public purpose. Indeed, EDPL article 4 specifically provides that "[t]he condemnor may commence proceedings under this article to acquire the property necessary for the proposed public project up to three years . . . [from] publication of its determination and findings pursuant to section [204]" (EDPL 401 [A] [1]). Accordingly, the provisions of EDPL article 3 are not triggered

until the proceedings move into the acquisition of title phase as provided in EDPL article 4. Accordingly, respondent's determination must be confirmed.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.