In the Matter of Gene Feeney, Petitioner, v Town/Village of Harrison, Respondent. [771 NYS2d 382]—

Proceeding pursuant to EDPL article 2 to review a determination of the respondent Town/Village of Harrison, made after a hearing held February 7, 2001, to condemn a parcel of real property.

Adjudged that the petition is granted to the extent of modifying the determination to limit the condemnation of the petitioner's property to the part needed for the subject water infrastructure project and an easement for the access project, and the matter is remitted to the respondent to determine the extent of the taking; as so modified, the determination is confirmed, without costs or disbursements.

The Town/Village of Harrison (hereinafter the Town) offered evidence at a public hearing that the petitioner's property was to be acquired for the purpose of running a water line to connect a dead-end water main to an active water main which would provide a cleaner, more reliable source of water, and provide access to Town-owned land that does not presently abut an improved public way (*see Matter of Saratoga Water Servs. v Saratoga County Water Auth.*, 190 AD2d 40, 46 [1993], *affd* 83 NY2d 205 [1994]; *Matter of Terrace W. v City of Plattsburgh,* 73 AD2d 763 [1979]). Thus, the Town demonstrated that a public use, benefit, or purpose will be served by condemnation of the petitioner's property (*see* EDPL 207 [C] [4]; *Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 418 [1986]), and it cannot be said that this determination was irrational, baseless, or unreasonable (*see Matter of Glen Cove Community Dev. Agency,* 259 AD2d 750 [1999]).

The taking of the entire parcel, however, is excessive (*see Hallock v State of New York,* 32 NY2d 599, 605 [1973]; *Matter of Rafferty v Town of Colonie,* 300 AD2d 719, 723 [2002]). The Town can satisfy the public purpose of access to its previously-owned land with a simple easement (*see Matter of Kaufmann's Carousel v City of Syracuse Indus. Dev. Agency,* 301 AD2d 292, 300-301 [2002]). Moreover, the Town did not show on this record that condemnation of the petitioner's entire parcel is necessary for the water infrastructure project. Accordingly, the peti-

tion is granted to the extent of modifying the determination to limit the condemnation of the petitioner's property to the part needed for the water infrastructure project and an easement for the access project, and the matter is remitted to the respondent to determine the extent of the taking; as so modified, the determination is confirmed. Prudenti, P.J., Altman, Smith and Crane, JJ., concur.