■ In the Matter of EDWARD KEEGAN, Petitioner, v CITY OF HUDSON, Respondent. [803 NYS2d 279]—

Crew III, J.P. Proceeding initiated in this Court pursuant to EDPL 207 to review a determination of respondent which condemned two parcels of petitioner's real property to alleviate urban blight.

Petitioner is the owner of two adjacent parcels of real property located at 61-65 and 67-69-71 North 5th Street in the City of Hudson, Columbia County. The parcel located at 61-65 North 5th Street has been closed since October 1985 when respondent's Building Inspector deemed the property uninhabitable due to chronic building code violations. Similarly, the parcel located at 67-69-71 North 5th Street has been closed since July 1993 when the Columbia County Health Department determined that the property constituted a health hazard.

In December 2004, respondent's Common Council passed a resolution authorizing the commencement of an eminent domain proceeding to acquire the parcels for the stated purposes of alleviating urban blight and constructing affordable housing. Following a public hearing, at which numerous photographs of the parcels were entered into evidence and the parcels' various structural deficiencies were documented, respondent's Common Council resolved to acquire the parcels via eminent domain, prompting petitioner to commence this proceeding pursuant to EDPL 207 to challenge that determination.

"It is axiomatic that a proper exercise of the power of eminent domain requires that a public use, benefit or purpose be served by the proposed acquisition" (*Matter of Rafferty v Town of Colonie*, 300 AD2d 719, 721 [2002] [citation omitted]). Where, as here, the proposed condemnation is for the purpose of constructing housing, "a public use is generally found in and of itself if (1) the project will eliminate or prevent slums or blighted areas, even if the property is subsequently developed privately, *or* (2) the project will provide low-rent housing" (*Matter of Russin v Town of Union of Broome County*, 133 AD2d 1014, 1015 [1987] [emphasis added]). Upon subsequent judicial review, "[i]f

an adequate basis for [such] a determination is shown 'and the objector cannot show that the determination was "without foundation," the agency's determination should be confirmed' " (*Matter of Waldo's, Inc. v Village of Johnson City*, 74 NY2d 718, 720 [1989], quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 425 [1986], quoting *Long Is. R.R. Co. v Long Is. Light. Co.*, 103 AD2d 156, 168 [1984], *affd* 64 NY2d 1088 [1985]; *see Matter of Board of Coop. Educ. Servs. of Albany-Schoharie-Schenectady-Saratoga Counties v Town of Colonie*, 268 AD2d 838, 841 [2000]).

Here, even a cursory review of the documentary and photographic evidence in the record reveals that petitioner's properties constitute urban blight and that the acquisition of such premises will serve the public use, benefit and purpose of removing urban blight from the surrounding neighborhood. Despite having ample opportunity (between 11 and 19 years) to remedy the building and/or health code violations existing on the respective parcels, petitioner made no effort to rehabilitate the parcels and, indeed, at one point sought respondent's assistance in conducting a "controlled burn" of the properties. Thus, the fact that the properties have now deteriorated to the point where condemnation is appropriate should come as no surprise to petitioner. To the extent that petitioner argues that respondent's proposal to rehabilitate the parcels and sell them to low-income families runs afoul of the constitutional considerations identified by this Court in *Matter of Russin v Town of Union of Broome County* (*supra*), we need note only that the test for public use identified in *Russin* is disjunctive, i.e., to eliminate urban blight or provide low-rent housing. Although there were no allegations or proof of urban blight in *Russin*, there is ample evidence of that here and, hence, *Russin* is distinguishable from the matter now before us. Petitioner's remaining contentions, including his allegation that respondent failed to comply with the procedural requirements of EDPL 204 and/or ECL article 8, have been examined and found to be lacking in merit.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.