■ In the Matter of ARBERN SUTPHIN PROPERTIES, LLC, et al., Petitioners, v CITY OF NEW YORK, Respondent. [926 NYS2d 636]—

Proceeding pursuant to EDPL 207 to review a determination of the City of New York, dated November 3, 2010, made after a public hearing, authorizing the condemnation of certain real property.

Adjudged that the determination is confirmed, with costs, the petition is denied, and the proceeding is dismissed on the merits.

The petitioner Arbern Sutphin Properties, LLC, owns real property located at 90-79 Sutphin Boulevard in Jamaica, Queens, designated as Queens block 9994, lot 38 (hereinafter the subject property). The petitioner Jonas Equities, Inc., is the registered agent and managing agent of the subject property. The subject property comprises the entire blockfront along the northern side of Archer Avenue between Sutphin Boulevard and 147th Place and is within a site designated by the City of New York for a project known as the "Archer Avenue Station Plaza Project" (hereinafter the proposed project). The proposed project has its origins in the "Vision for Jamaica Center," a planning strategy for the development of the area surrounding the Long Island Rail Road Jamaica Station facility (hereinafter Jamaica Station), issued by the Greater Jamaica Development Corporation in June 2000 in anticipation of the Air Train Terminal connecting Jamaica Station to JFK International Airport. Jamaica Station is located on the southwest corner of the intersection of Archer Avenue and Sutphin Boulevard. The proposed project seeks to widen and realign Archer Avenue between 144th Place and 147th Place to increase pedestrian and vehicular safety, ease sidewalk and street congestion in the area, enhance intermodal connections for passengers, and "create new public spaces, concession opportunities and a more appropriate framework for anticipated additional commercial density in the Station Plaza area." The petitioners challenge, pursuant to EDPL 207, the City's determination and findings, which authorized the condemnation of the subject property to effectuate the proposed project.

Contrary to the petitioners' contention, the determination and findings of the City fully satisfied the requirements of EDPL 204 (B). EDPL 204 (B) does not mandate that a condemnor address every specific concern or objection raised at the public hearing in its determination, and findings. Further, the record does not support the petitioners' contention that, in reaching its determination, the City failed to consider the petitioners' objections, including the objection that the proposed condemnation will reduce the value of the petitioners' adjacent property, designated Queens block 9994, lot 31, which is not being considered for acquisition by the City.

There is also no support in the record for the petitioners' contention that the City seeks to condemn a portion of the subject property merely to bestow a private benefit on a third party. Rather, the record evinces that the City's determination

to condemn the subject property is rationally related to a public purpose (see Matter of Aspen Cr. Estates, Ltd. v Town of Brookhaven, 47 AD3d 267, 272 [2007], affd 12 NY3d 735 [2009], cert denied 558 US —, 130 S Ct 96 [2009]; Matter of 49 WB, LLC v Village of Haverstraw, 44 AD3d 226, 236 [2007], abrogated on other grounds by Hargett v Town of Ticonderoga, 13 NY3d 325 [2007]) and that such public purpose is dominant (see Matter of Waldo's, Inc. v Village of Johnson City, 74 NY2d 718, 721 [1989]; Matter of Glen Cove Community Dev. Agency [Ardaas, Inc.], 259 AD2d 750, 751 [1999]; Matter of Neptune Assoc. v Consolidated Edison Co. of N.Y., 125 AD2d 473, 474 [1986]). "[T]he fact that an intended public use confers incidental benefit to private persons or entities will not invalidate the condemnation" (Matter of 49 WB, LLC v Village of Haverstraw, 44 AD3d at 238, citing Kelo v New London, 545 US 469, 478 [2005]; Matter of Waldo's, Inc. v Village of Johnson City, 74 NY2d at 721; Yonkers Community Dev. Agency v Morris, 37 NY2d 478, 482-483 [1975]; Matter of West 41st St. Realty v New York State Urban Dev. Corp., 298 AD2d 1, 6 [2002], cert denied 537 US 1191 [2003]).

The petitioners failed to sustain their burden of establishing that the taking is excessive (see Matter of Aspen Cr. Estates, Ltd. v Town of Brookhaven, 47 AD3d at 278; Matter of Butler v Onondaga County Legislature, 39 AD3d 1271 [2007]; Matter of Stankevich v Town of Southold, 29 AD3d 810 [2006]; Matter of Gyrodyne Co. of Am., Inc. v State Univ. of N.Y. at Stony Brook, 17 AD3d 675 [2005]; Matter of Rafferty v Town of Colonie, 300 AD2d 719, 723 [2002]).

The petitioners' remaining contention is without merit. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.