██ In the Matter of CHERRY HARGROVE, Petitioner, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent. [944 NYS2d 315]—

Proceeding pursuant to EDPL 207 to review a determination of the New York City School Construction Authority dated July 27, 2011, made after a public hearing, to condemn a parcel of real property owned by the petitioner for the purpose of building a public school.

Adjudged that the determination is confirmed, without costs or disbursements, the petition is denied, and the proceeding is dismissed on the merits.

Judicial review of a condemnation determination is limited to whether the proceeding was constitutional, whether the proposed acquisition is within the condemnor's statutory jurisdiction or authority, whether the determination and findings were made in accordance with the procedures set forth in EDPL article 2 and the State Environmental Quality Review Act, and whether a public use, benefit, or purpose will be served by the proposed acquisition (*see* EDPL 207 [C]; *Matter of Waldo's, Inc. v Village of Johnson City*, 74 NY2d 718, 720 [1989]; *Matter of Anderson v New York State Urban Dev. Corp.*, 45 AD3d 583, 584 [2007]; *Matter of Congregation Gates of Prayer of Far Rockaway v New York City School Constr. Auth.*, 286 AD2d 439, 439-440 [2001]). Here, the petitioner failed to demonstrate any basis for setting aside the respondent's determination.

The petitioner's equal protection claims are without merit, since there is no evidence in the record to support a finding that she had "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" (*Village of Willowbrook v Olech*, 528 US 562, 564 [2000]; *see Matter of Goldstein v New York State Urban Dev. Corp.*, 64 AD3d 168, 186 [2009], *affd* 13 NY3d 511 [2009]).

To the extent that the petitioner argues that the proposed acquisition will not serve a public purpose, the record shows that the respondent's determination to condemn the subject property is rationally related to a public purpose and that such public purpose is dominant (*see Matter of Waldo's, Inc. v Village of Johnson City*, 74 NY2d at 720; *Matter of Arbern Sutphin Props., LLC v City of New York*, 85 AD3d 1158, 1159-1160 [2011]).

The petitioner's remaining contentions are beyond the scope of our review as limited by EDPL 207. Mastro, A.P.J., Florio, Chambers and Roman, JJ., concur.