Proceeding pursuant to EDPL 207 to review a determination of the respondent City of Peekskill Common Council dated December 10, 2012, made after a public hearing, authorizing the condemnation of a portion of the petitioner’s commercial property for use as a central firehouse.
Adjudged that the determination is confirmed, with costs, the petition is denied, and the proceeding is dismissed.
The petitioner commenced this proceeding pursuant to EDPL 207 seeking judicial review of a determination of the respondent City of Peekskill Common Council (hereinafter the Common Council) dated December 10, 2012. Specifically, the Common Council determined that it was necessary for the City of Peeks-kill to acquire a portion of the petitioner’s commercial property for the purpose of constructing a central firehouse. This acquisi *1080 tion and construction would, among other things, address the aging condition of the City’s existing firehouses in a cost-effective manner, provide for the safety of the existing population and for future growth, assure appropriate storage for fire and emergency medical service vehicles and equipment, and provide quarters for the City’s salaried and volunteer fire personnel.
“The principal purpose of EDPL article 2 is to insure that an agency does not acquire property without having made a reasoned determination that the condemnation will serve a valid public purpose”, (Matter of 265 Penn Realty Corp. v City of New York, 99 AD3d 1014, 1014 [2012]; see EDPL 201; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 418 [1986]; Matter of Aspen Cr. Estates, Ltd. v Town of Brookhaven, 47 AD3d 267, 271 [2007]). Judicial review of a condemnation determination is limited to whether the proceeding was constitutional, whether the proposed acquisition is within the condemnor’s statutory jurisdiction or authority, whether the determination and findings were made in accordance with the procedures set forth in EDPL article 2 and the State Environmental Quality Review Act, and whether a public use, benefit, or purpose will be served by the proposed acquisition (see EDPL 207 [C]; Matter of Waldo’s, Inc. v Village of Johnson City, 74 NY2d 718, 720 [1989]; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 418; Matter of Hargrove v New York City School Constr. Auth., 95 AD3d 1116, 1116 [2012]). Here, the petitioner has failed to demonstrate any basis for setting aside the Common Council’s determination.
Contrary to the petitioner’s contention, the record shows that the determination to condemn a portion of its property is rationally related to the stated public purpose and that such public purpose is dominant (see Matter of Waldo’s, Inc. v Village of Johnson City, 74 NY2d at 720-721; Matter of Hargrove v New York City School Constr. Auth., 95 AD3d at 1116; Matter of Arbern Sutphin Props., LLC v City of New York, 85 AD3d 1158, 1159-1160 [2011]). “ ‘[T]he fact that an intended public use confers incidental benefit to private persons or entities will not invalidate the condemnation’ ” (Matter of Arbern Sutphin Props., LLC v City of New York, 85 AD3d at 1160, quoting Matter of 49 WB, LLC v Village of Haverstraw, 44 AD3d 226, 238 [2007]; see Matter of Waldo’s, Inc. v Village of Johnson City, 74 NY2d at 721).
The petitioner’s assertion that alternate sites would better serve the City’s purposes is not a basis for relief under EDPL 207. Moreover, we reject the petitioner’s contention that the *1081 proposed taking is excessive. The condemnor has broad discretion to decide what land is necessary to fulfill its stated purpose (see Matter of Gyrodyne Co. of Am., Inc. v State Univ. of N.Y. at Stony Brook, 17 AD3d 675, 676 [2005]; Matter of Stankevich v Town of Southold, 29 AD3d 810, 811 [2006]). Here, the determination, made after extensive studies and with public participation, that the proposed acquisition is necessary to achieve the desired public purpose was rational, and there is no basis upon which to disturb it (see Matter of265 Penn Realty Corp. v City of New York, 99 AD3d at 1015; Matter of Arbern Sutphin Props., LLC v City of New York, 85 AD3d at 1160; Matter of Aspen Cr. Estates, Ltd. v Town of Brookhaven, 47 AD3d at 278; Matter of Gyrodyne Co. of Am., Inc. v State Univ. of N.Y. at Stony Brook, 17 AD3d at 676).
The petitioner’s unsubstantiated allegations fall far short of the “clear showing” necessary to establish that the condemnor acted in bad faith (Matter of 265 Penn Realty Corp. v City of New York, 99 AD3d at 1015; see Matter of Stankevich v Town of Southold, 29 AD3d at 811; cf. Matter of Zutt v State of New York, 99 AD3d 85 [2012]).
The petitioner’s remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.