■ In the Matter of ROBERT TEICH, Respondent, v JACOB BUCHHEIT et al., Respondents, and SOUTHAMPTON HOSPITAL ASSOCIATION et al., Intervenors-Appellants. [633 NYS2d 805] —In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Village of Southampton dated April 5, 1993, approving the intervenors' plan to construct a 72-car parking lot, the intervenors appeal from a judgment of the Supreme Court, Suffolk County (Doyle, J. ), entered February 3, 1994, which granted the petition and annulled the determination.

Ordered that the judgment is affirmed, with costs.

The intervenors, Southampton Hospital Association and S.H.A. Properties, Inc., seek to construct a 72-car parking lot across the street from the main entrance to Southampton Hospital (hereinafter the Hospital). The respondent Planning Board of the Village of Southampton (hereinafter the Planning Board) acknowledged that under the particular facts of this case, the Hospital's proposed action was a Type I action within the meaning of the regulations of the Department of Environmental Conservation (hereinafter the DEC). A Type I action has a relatively low threshold for the preparation of an environmental impact statement, i.e., "if the action may have a significant effect on the environment" (Matter of Chemical Specialities Mfrs. Assn. v Jorling, 85 NY2d 382, 397; 6 NYCRR 617.12 [a] [1]; see also, Chinese Staff & Workers Assn. v City of New York, 68 NY2d 359, 364-365; Matter of Miller v City of Lockport, 210 AD2d 955, 957). The Planning Board found that the environmental impact that will result from the proposed parking lot may be mitigated by the placement of "typical fencing, buffering, planting and screening between the proposed parking area and the adjoining residential properties." The Planning Board, therefore, concluded that, with

these mitigation measures in place, the environmental impact of the Hospital's proposed action will not be significant, and it issued a negative declaration pursuant to the State Environmental Quality Review Act (hereinafter SEQRA). In this proceeding brought by the petitioner, Robert Teich (a neighboring landowner), the Supreme Court annulled the Planning Board's determination, concluding that the Planning Board had conducted an improper segmented review of the Hospital's proposed action. We affirm.

The record establishes that the proposed parking lot is an integral part of the Hospital's long-range plan for expansion "continuing into the 21st century." Contrary to the Hospital's contention, this plan is not merely "an expression of the Hospital's present view of future goals which was subject to change." Rather, various Hospital publications, including newsletters, news releases, and a statement to the New York State Department of Parks, Recreation and Historic Preservation, indicate that the proposed parking lot was specifically included in the first phase of the Hospital's long-range plan.

It is uncontroverted that, in connection with the implementation of its long-range plan, the Hospital filed a certificate of need with the New York State Department of Health. The certificate of need indicates that the first phase of the Hospital's long-range plan includes the creation of additional parking spaces across the street from the Hospital's main entrance, substantial renovation of the Hospital's Emergency Department, the addition of a labor, delivery, and recovery room in the obstetrical-gynecological area, the relocation of the X-Ray and Nuclear Medicine Department, the relocation and expansion of laboratory space, and the relocation of the Hospital's business office. The estimated cost of the first phase of the plan is approximately $4,450,000.

This Court has stated, "Segmentation occurs when the environmental review of a single action is broken down into smaller stages or activities, addressed as though they are independent and unrelated, needing individual determinations of significance (see, 6 NYCRR 617.2 [gg]). The regulations generally prohibiting segmentation are designed to guard against a distortion of the approval process by preventing a project with potentially significant environmental effects from being split into two or more smaller projects, each falling below the threshold requiring full-blown review" (Matter of Long Is. Pine Barrens Socy. v Planning Bd., 204 AD2d 548, 550). 6 NYCRR 617.3 (k) (1) provides, "Considering only a part or segment of an action is contrary to the intent of SEQR. If a lead agency

believes that circumstances warrant a segmented review, *it must clearly state* in its determination of significance and any subsequent [environmental impact statement] the supporting reasons and demonstrate that such review is clearly no less protective of the environment. Related actions should be identified and discussed to the fullest extent possible" (emphasis supplied). This Court has noted, "For the purpose of determining whether an action will cause a significant effect on the environment, the reviewing agency must consider reasonably related long-term * * * and cumulative effects, including other simultaneous or subsequent actions which are included in any long-range plan of which the action under consideration is a part" *(Matter of Farrington Close Condominium Bd. of Mgrs. v Incorporated Vil. of Southampton,* 205 AD2d 623, 626; *see,* 6 NYCRR 617.11 [b] [1]).

The Hospital's contention to the contrary notwithstanding, the record supports the conclusion that the proposed parking lot was part of an overall plan for expansion of the Hospital. Therefore, the Planning Board should have considered the proposed parking lot in the context of the larger plan of which it is an integral part. Its failure to do so constituted an improper segmented review under the pertinent DEC regulations. Accordingly, the Supreme Court properly annulled the Planning Board's negative declaration *(see, Sun Co. v City of Syracuse Indus. Dev. Agency,* 209 AD2d 34, 48; *see also, Matter of Village of Westbury v Department of Transp.,* 75 NY2d 62). We make no finding as to whether, upon reconsideration of the proposed parking lot in the context of the overall plan, the Planning Board should alter its determination that its environmental impact will not be significant *(see, Matter of Sutton v Board of Trustees,* 122 AD2d 506, 509).

Finally, we observe that the Planning Board, in effect, issued a conditional negative declaration with respect to a Type I action *(see, Matter of West Branch Conservation Assn. v Planning Bd.,* 207 AD2d 837). The DEC regulations provide that a conditional negative declaration may only be issued with respect to an unlisted action *(see,* 6 NYCRR 617.2 [h]; 617.6 [h] [1]). However, in view of our determination, we do not address this issue *(see, Matter of Miller v City of Lockport,* 210 AD2d, *supra,* at 957; *Matter of Group for S. Fork v Wines,* 190 AD2d 794, 795; *Matter of Shawangunk Mtn. Envtl. Assn. v Planning Bd.,* 157 AD2d 273, 276; *cf., Matter of Hare v Molyneaux,* 182 AD2d 908, 909). Bracken, J. P., Santucci, Joy and Friedmann, JJ., concur.