■ In the Matter of J. OWENS BUILDING CO., INC., et al., Petitioners, v TOWN OF CLARKSTOWN et al., Respondents. [10 NYS3d 293]—

Proceeding pursuant to EDPL 207 to review a determination of the Town Board of the Town of Clarkstown dated April 8, 2014, made after a public hearing, authorizing the condemnation of certain real property.

Adjudged that the petition is granted, on the law, with costs, the determination is rejected, and the matter is remitted to the Town Board of the Town of Clarkstown to conduct an appropriate environmental review pursuant to the State Environmental Quality Review Act (ECL art 8) in accordance herewith.

The scope of judicial review in a proceeding pursuant to EDPL 207 "is limited to whether the proceeding was constitutional, whether the proposed acquisition is within the condemnor's statutory jurisdiction or authority, whether the determination and findings were made in accordance with the procedures set forth in EDPL article 2 and the State Environmental Quality Review Act [(hereinafter SEQRA)], and whether a public use, benefit, or purpose will be served by the proposed acquisition" (*Matter of Peekskill Hgts., Inc. v City of Peekskill Common Council*, 110 AD3d 1079, 1080 [2013]; see EDPL 207 [C]; *Matter of Waldo's, Inc. v Village of Johnson City*, 74 NY2d 718, 720 [1989]; *Matter of Hargrove v New York City School Constr. Auth.*, 95 AD3d 1116, 1116 [2012]). Here, the petitioners correctly contend that the determination of the Town Board of the Town of Clarkstown (hereinafter the Town Board) should be rejected on the ground that it failed to comply with SEQRA by improperly segmenting the SEQRA review process.

"Segmentation" is defined under SEQRA as "the division of the environmental review of an action such that various activities or stages are addressed under [SEQRA] as though they were independent, unrelated activities, needing individual determinations of significance" (6 NYCRR 617.2 [ag]; see 6 NYCRR 617.3 [g] [1]). "Considering only a part or segment of an action is contrary to the intent of" SEQRA (6 NYCRR 617.3 [g] [1]).

The respondents sought to acquire the petitioners' property for the purpose of, among other things, drainage and storm water management improvements (hereinafter the drainage plan) in connection with a larger project known as the West Nyack Downtown Revitalization Project. The record reflects that the drainage plan "is a key component to the overall revitalization plans for the Hamlet" of West Nyack. Even though the drainage plan was part of the larger revitalization project, the Town Board, acting as the lead agency, studied

only the potential impact of the drainage plan during its SEQRA review. However, under SEQRA, the Town Board was obligated to consider the environmental concerns raised by the entire project (*see* 6 NYCRR 617.3 [g] [1]; *Matter of Long Is. Pine Barrens Socy. v Town Bd. of Town of Riverhead*, 290 AD2d 448, 448-449 [2002]; *Matter of Teich v Buchheit*, 221 AD2d 452, 453-454 [1995]). If, at this stage, the larger project is merely speculative or hypothetical, then the Town's separate consideration of the drainage plan would not constitute impermissible segmentation (*see Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow*, 292 AD2d 617, 620-621 [2002]). However, the respondents are not claiming that the larger project is speculative or hypothetical. Moreover, to the extent that the Town Board concluded that segmenting the environmental review of the drainage plan from that of the larger revitalization project was warranted under the circumstances presented here, it was required under the SEQRA regulations to "clearly state in its determination of significance . . . the supporting reasons[,]" "demonstrate that such review is clearly no less protective of the environment[,]" and to identify and discuss "[r]elated actions . . . to the fullest extent possible" (6 NYCRR 617.3 [g] [1]). The Town Board failed to do so. Since the Town Board failed to properly comply with SEQRA, the determination and findings must be rejected, and the matter remitted to the Town Board to undertake an appropriate review (*see Matter of Riverso v Rockland County Solid Waste Mgt. Auth.*, 96 AD3d 764, 766 [2012]) that either considers the entire revitalization project as a whole or makes findings required by 6 NYCRR 617.3 (g) (1) that are supported by applicable facts.

In light of our conclusion herein, we do not reach the parties' remaining contentions. Eng, P.J., Leventhal, Hall and Roman, JJ., concur.