Matter of Sandora v City of New York (2020 NY Slip Op 04843)





Matter of Sandora v City of New York


2020 NY Slip Op 04843


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-11033
 (Index No. 2740/17)

[*1]In the Matter of Laura Sandora, et al., appellants,
v
City of New York, et al., respondents.


Ruskin Moscou Faltischek, P.C., Uniondale, NY (E. Christopher Murray of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Barbara Graves-Poller of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory and injunctive relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Howard G. Lane, J.), entered October 4, 2017. The order and judgment, insofar as appealed from, denied certain injunctive relief and declared that the respondents/defendants were entitled to conduct environmental review of the Ozone Park Drop-in Center and Safe Haven pursuant to the State Environmental Quality Review Act and the City Environmental Quality Review rules without conducting a City-wide environmental review of the entire plan contained in the 2017 report entitled "Turning the Tide on Homelessness in New York City."
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
In July 2016, not-for-profit Common Ground Management Corporation applied to convert two adjacent multistory buildings in Ozone Park into a drop-in facility and transitional residence for homeless adults (hereinafter the Ozone Park project). Before the New York City Department of Homeless Services (hereinafter the DHS) completed its initial environmental review of the Ozone Park project pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) and the City Environmental Quality Review rules (62 RCNY 5-01 et seq.; hereinafter CEQR), the petitioners/plaintiffs (hereinafter the plaintiffs) commenced this hybrid proceeding pursuant to CPLR article 78 and action for injunctive and declaratory relief against the respondents/defendants (hereinafter the defendants), including the City of New York. The plaintiffs sought, among other things, an injunction halting further development of the Ozone Park project until such time as the City conducted an environmental review of its February 2017 report entitled "Turning the Tide on Homelessness in New York City" (hereinafter Turning the Tide). The plaintiffs argued that the City illegally segmented environmental review by conducting an initial environmental review of the Ozone Park project and not conducting any environmental review of Turning the Tide.
In an order and judgment entered October 4, 2017, the Supreme Court, inter alia, denied the plaintiffs' request to enjoin further development of the Ozone Park project and declared that the defendants were entitled to conduct environmental review of the Ozone Park project [*2]pursuant to SEQRA and CEQR without conducting a City-wide environmental review of the entire plan contained in Turning the Tide. The plaintiffs appeal.
" Segmentation' is defined under SEQRA as the division of the environmental review of an action such that various activities or stages are addressed under [SEQRA] as though they were independent, unrelated activities, needing individual determinations of significance'" (Matter of J. Owens Bldg. Co., Inc. v Town of Clarkstown, 128 AD3d 1067, 1068, quoting 6 NYCRR 617.2[ah]). "Considering only a part or segment of an action is contrary to the intent of" SEQRA (6 NYCRR 617.3[g][1]).
Contrary to the plaintiffs' contention, "an environmental impact statement is not required until a specific project is actually proposed" (Matter of Residents for More Beautiful Port Washington v Town of N. Hempstead, 149 AD2d 266, 275). Here, Turning the Tide does not commit the City to a sufficiently definite course of future decisions such that it constituted an action pursuant to SEQRA requiring prior environmental review (see 6 NYCRR 617.2[b][2]; Matter of Town of Woodbury v County of Orange, 114 AD3d 951, 954). Accordingly, we agree with the Supreme Court that the DHS's separate environmental review of the Ozone Park project did not constitute improper segmentation, particularly since the application for that project predated the City's publication of Turning the Tide by approximately eight months (see Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven, 204 AD2d 548, 550-551).
We agree with the Supreme Court that the plaintiffs' remaining contention was not properly before it.
ROMAN, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court