Niebauer v City of New York (2021 NY Slip Op 05398)





Niebauer v City of New York


2021 NY Slip Op 05398


Decided on October 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 07, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, González, Pitt, JJ. 


Index No. 154890/19 Appeal No. 14313 Case No. 2020-03465 

[*1]Michael N. Niebauer, et al., Petitioners/Plaintiffs-Appellants,
v
City of New York, et al., Respondents/Defendants-Respondents.


Ruskin Moscou Faltischek, P.C., Uniondale (E. Christopher Murray of counsel), for appellants.
Georgia M. Pestana, Corporation Counsel, New York (Kate Fletcher of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered August 3, 2020, which, in this hybrid proceeding pursuant to CPLR article 78 and action for declaratory and injunctive relief, granted defendants/respondents' motion to dismiss and dismissed the petition/complaint to the extent of denying the vacatur of the negative declaration, and adjudged and declared that the negative declaration did not violate the New York State Environmental Quality Review Act and was not arbitrary and capricious, or an abuse of discretion, unanimously affirmed, without costs.
The court correctly found that the City did not fail to comply with SEQRA requirements by adopting the plan contained in its February 2017 report entitled "Turning the Tide on Homelessness in New York City" without first conducting any environmental review of that plan, and that the City properly complied with SEQRA by conducting an environmental review of the College Park shelter project, which did not constitute improper segmentation (see Housing Justice Campaign v Koch, 164 AD2d 656 [1st Dept 1991], lv denied 78 NY2d 858 [1991]; see also Matter of Sandora v City of New York, 186 AD3d 1225 [2d Dept 2020]).
The court also correctly declined to annul the negative declaration based on the environmental assessment statement. Respondents did not delegate its review responsibilities to the environmental consulting firm it properly retained to assist in the preparation of the EAS, they provided a "reasoned elaboration" for the negative declaration, and their determination was not arbitrary and capricious or unsupported by the evidence (see Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d 922 [2012]; Matter of Finn v City of New York, 141 AD3d 436 [1st Dept 2016], lv denied 28 NY3d 906 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2021