Matter of Kogut v Village of Chestnut Ridge (2023 NY Slip Op 01297)

Matter of Kogut v Village of Chestnut Ridge

2023 NY Slip Op 01297

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2019-11974
 (Index No. 31506/19)

[*1]In the Matter of Hilda Kogut, et al., respondents, 
v
Village of Chestnut Ridge, et al., appellants.

Feerick Nugent MacCartney, PLLC, South Nyack, NY (Patrick A. Knowles of counsel), for appellants.
Steven N. Mogel, Monticello, NY, for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review, inter alia, a resolution of the Board of Trustees of the Village of Chestnut Ridge dated February 21, 2019, enacting Local Law No. 1-2019 of the Village of Chestnut Ridge, and action for declaratory relief, the appeal, by permission, is from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated October 4, 2019. The order, insofar as appealed from, denied those branches of the motion of the respondents/defendants which were pursuant to CPLR 3211(a) to dismiss the first, second, and third causes of action, which were pursuant to CPLR article 78.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On February 22, 2018, a draft of Local Law No. 1-2019 of the Village of Chestnut Ridge, also known as the House of Worship Law (hereinafter HOW), was proposed at a meeting of the Board of Trustees of the Village of Chestnut Ridge (hereinafter the Board). HOW would amend certain provisions of the local residential zoning laws of the Village of Chestnut Ridge (hereinafter Chestnut Ridge) in order to permit additional gathering places and houses of religious worship in residential zoned districts. The petitioners/plaintiffs (hereinafter the petitioners) reside and own property in residential zoned districts in Chestnut Ridge.
After several public hearings and various amendments, the Board adopted the findings of a full environmental assessment form, which concluded that HOW would not result in a significant adverse environmental impact. Thereafter, the Board issued a negative declaration pursuant to the requirements of the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA). A final version of HOW was adopted on February 21, 2019. Among other things, HOW created two new permitted categories of building-use within residential zoned districts, namely, residential gathering places and neighborhood places of worship. Requirements for each building-use include obtaining a conditional use permit, and to meet certain standards with respect to, among other things, bulk, area, maximum occupancy, hours of operation, parking, architecture, and signage.
By petition/complaint dated March 21, 2019, the petitioners commenced this hybrid proceeding and action against Chestnut Ridge, the Board, Rosario Presti, Jr., in his capacity as the [*2]mayor and trustee of Chestnut Ridge, Grant Valentine, in his capacity as the deputy mayor and trustee of Chestnut Ridge, and Howard Cohen, Richard Miller, and Paul Van Alstyne, in their capacities as trustees of Chestnut Ridge (hereinafter collectively the Village), alleging, among other things, that the Village failed to comply with the mandates of SEQRA by segmenting the review process, failing to take a hard look at specific areas of environmental concern, and failing to provide a reasoned elaboration for the negative declaration. The Village moved, inter alia, pursuant to CPLR 3211(a)(1), (3), and (7) to dismiss the petition/complaint. By order dated October 4, 2019, the Supreme Court, among other things, denied those branches of the Village's motion which were to dismiss the first, second, and third causes of action, which sought relief pursuant to CPLR article 78. The Village appeals by permission.
"Generally, standing to challenge an administrative action turns on a showing that the action will have a harmful effect on the challenger and that the interest to be asserted is within the zone of interest to be protected by the statute" (Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 687; see Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6). "To establish standing under SEQRA, a petitioner must show (1) an environmental injury that is in some way different from that of the public at large, and (2) that the alleged injury falls within the zone of interests sought to be protected or promoted by SEQRA" (Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo, 112 AD3d 726, 727-728; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-774; Matter of Village of Chestnut Ridge v Town of Ramapo, 45 AD3d 74, 89-90; Matter of Barrett v Dutchess County Legislature, 38 AD3d 651, 653). "However, where the challenge is to the SEQRA review undertaken as part of a zoning enactment, the owner of property that is the subject of rezoning need not allege the likelihood of environmental harm" (Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d at 687; see Matter of Bloodgood v Town of Huntington, 58 AD3d 619, 621; Patterson Materials Corp. v Town of Pawling, 221 AD2d 608, 609). "In those circumstances, the property owner has a legally cognizable interest in being assured that the town satisfied SEQRA before taking action to rezone its land" (Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d at 687 [internal quotation marks omitted]; see Matter of Har Enters. v Town of Brookhaven, 74 NY2d 524, 529).
Contrary to the Village's contention, the petitioners, all of whom own property affected by the zoning amendments, have standing to challenge the subject amendments and the alleged failure to comply with the procedures mandated by SEQRA (see Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d at 687; Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 413-414; Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d 928, 929-930).
Furthermore, the first and second causes of action sufficiently alleged that segmentation of the environmental review of HOW prevented a comprehensive assessment in contravention of the requirements of SEQRA (see Matter of Neeman v Town of Warwick, 184 AD3d 567, 569-570; Matter of J. Owens Bldg. Co., Inc. v Town of Clarkstown, 128 AD3d 1067, 1069; Matter of Maidman v Incorporated Vil. of Sands Point, 291 AD2d 499, 501; Matter of Teich v Buchheit, 221 AD2d 452, 453-454; see also 6 NYCRR 617.10). The petitioners also stated a third cause of action based on the alleged failure of the Village to take a hard look at specific areas of environmental concern and to provide a reasoned elaboration of the basis for its determination that HOW would not have a significant adverse environmental impact (see generally Akpan v Koch, 75 NY2d 561, 571; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417). Additionally, the evidence submitted by the Village in support of the motion either was not documentary evidence within the meaning of CPLR 3211(a)(1), did not resolve all factual issues as a matter of law, or did not conclusively establish that a material fact as claimed by the petitioners was not a fact at all and that no significant dispute exists regarding it (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Hogue v Village of Dering Harbor, 199 AD3d 900, 902; Brannigan v Christie Overhead Door, 149 AD3d 892, 893).
Accordingly, the Supreme Court properly denied those branches of the Village's motion which were pursuant to CPLR 3211(a) to dismiss the first, second, and third causes of action.
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court