Rowlands v US Army Corps of Engrs. (2024 NY Slip Op 51476(U))

[*1]

Rowlands v US Army Corps of Engrs.

2024 NY Slip Op 51476(U)

Decided on October 23, 2024

Supreme Court, Albany County

Ferreira, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 23, 2024
Supreme Court, Albany County

Sylvia Rowlands, PHILLIP ROWLANDS, JOANNE MAIER AND DANIEL MAIER, Petitioners,

against
US Army Corps of Engineers, US MARITIME ADMINISTRATION DEPARTMENT,[FN1] NYS DEPARTMENT OF ENVIRONMENTAL CONSERVATION, NYS OFFICE OF GENERAL SERVICES, NYS HISTORIC PRESERVATION OFFICE, NYS DEPARTMENT OF STATE, NYS DEPARTMENT OF TRANSPORTATION, NYS ENREGY RESEARCH AND DEVELOPMENTAL AGENCY, NYS OFFICE OF RENEWABLE ENERGY SITING, ALBANY COUNTY HEALTH DEPARTMENT, ALBANY COUNTY PLANNING BOARD, TOWN OF BETHLEHEM PLANNING BOARD (LEAD AGENCY), TOWN OF BETHLEHEM ZONING BOARD OF APPEALS, TOWN OF BETHLEHEM DEPARTMENT OF PUBLIC WORKS, CITY OF ALBANY PLANNING BOARD, CITY OF ALBANY DEPARTMENT OF GENERAL SERVICES, CITY OF ALBANY WATER DEPARTMENT, Respondents.

Index No. 902276-23

Sylvia Rowlands and Phillip Rowlands
Petitioners, Pro Se
Daniel Maier and Joanne Maier
Petitioners, Pro Se
Letitia James, Attorney General of the State of New York
Meredith Grace Lee-Clark, Esq., Assistant Attorney General Attorneys for Respondents New York State (NYS) Department of Environmental Conservation, NYS Office of General Services, NYS Office of Parks, Recreation and Historic Preservation, NYS Department of State, NYS Department of Transportation, NYS Energy Research and Development Authority, and NYS Department of Public Service
NYS Office of the Attorney General
The Capitol
Albany, New York 12224
John Joseph Sipos, Esq.
Attorney for NYS Department of Public Service
3 Empire Plaza, Albany New York 12223
Joseph Alan Coticchio, Esq. 
The Law Office of Joseph Alan Coticchio
Attorneys for the Albany County Health Department and the Albany County Planning Board
12 Linda Lane
Niskayuna, New York 12309
Mark T. Sweeney, Esq.
Attorney for Respondents Town of Bethlehem Planning Board, Town of Bethlehem Zoning Board of Appeals, and Town of Bethlehem Department of Public Works
16 Keith Road
Delmar, New York 12054
Robert G. Magee, Esq.
City of Albany Department of Law
Attorneys for City of Albany Planning Board, City of Albany Department of General Services, and City of Albany Water Department 
24 Eagle Street
Albany, New York 12207

James H. Ferreira, J.

This CPLR article 78 proceeding 
concerns the project known as the Albany Port District Commission's (District) project for the Marmen/Welcon Off Shore Wind Tower Manufacturing Plant (Wind Plant project), which was intended to be built on the District's expansion property located along River Road in the Town of Bethlehem, New York. Petitioners, who reside or own real property in the vicinity of the proposed Wind Plant project, commenced this action [*2]challenging the actions and determinations made by respondents in conjunction with the Town of Bethlehem Planning Board's (Planning Board) determination pursuant to the New York State Environmental Quality Review Act (SEQRA) (see Environmental Conservation Law § 08-0101 et. seq.). Petitioners seeks to annul the "SEQRA process on substantive and procedural grounds" (NYSCEF No. 1, ¶ 3), contending the Planning Board, as lead agency,
1) failed to comply with SEQRA by issuing its SEQRA Findings and Determination on March 15, 2022 without having received and reviewed findings statements from other involved agencies, including the findings statement issued by the New York State Department of Environmental Conservation's (DEC) on November 10, 2022;
2) failed to address and identify the Wind Plant project's significant environmental impacts, including the impact of coal ash on the site; and
3) improperly segmented its SEQRA determination based on the DEC's belated findings which introduced new information regarding the project. (see NYSCEF No. 1).
Respondents, the City of Albany Planning Board, City of Albany Department of General Services, and City of Albany Water Department (collectively the City respondents), the New York State Department of Environmental Conservation, Office of General Services, Office of Parks, Recreation and Historic Preservation, Department of State, Department of Transportation, Energy Research and Development Authority, and the Department of Public Service (collectively the State respondents), and the Town of Town of Bethlehem Planning Board, Town of Bethlehem Zoning Board of Appeals, and Town of Bethlehem Department of Public Works (collectively the Town respondents), all move, pursuant to CPLR 3211, seeking dismissal of the petition.[FN2]
Petitioners oppose respondents' motions.
As background, by Decision and Order/Judgment dated July 18, 2023, this Court dismissed a related CPLR article 78 proceeding (related action) challenging certain resolutions and findings made by respondents Town of Bethlehem Planning Board and Town of Bethlehem Zoning Board of Appeals pursuant to SEQRA with respect to the Wind Plant project (see Thompson v Albany Port Dist. Commn., 83 Misc 3d 1209(A) [S Ct Albany County 2023], rearg denied 83 Misc 3d 1210(A) [S Ct Albany County 2024]). This Court in the related proceeding held that
"petitioners' challenges to the Zoning Board's determination were untimely. The Court also found that the Planning Board's SEQRA determinations, which were based on studies, methodology, and tables and illustrations summarizing data, were sufficient to allow informed consideration and comment on the issues that petitioners raised, and that the Planning Board did not act arbitrarily or capriciously in rendering its determinations. Rather, the Court found that the Planning Board complied both procedurally and substantively with the requirements of SEQRA in that it identified the relevant environmental concerns, took a 'hard look' at them, and considered a reasonable range of [*3]corresponding mitigation measures and alternatives"
(Thompson v Albany Port Dist. Commn., 83 Misc 3d 1210(A), *1 [S Ct Albany County 2024]).[FN3]
In support of their motions, respondents argue that 1) petitioners have failed to name the District, a necessary party; 2) petitioners have failed to state a cause of actions to annul and reverse the Planning Board's final SEQRA determination; and 3) petitioners' claims with request to coal ash were fully adjudicated in the related action, rendering their current claims barred by the doctrine of collateral estoppel.[FN4]

In opposition to respondents' motions, petitioners argue that, initially, this action is timely, since it was commenced within four months of the DEC's November 10, 2022 findings statement. Substantively, petitioners argue that the Town, in issuing its SEQRA determination, failed to comply with 6 NYCRR 617.11 and 6 NYCRR 617.2 by failing to consider written findings statements by involved agencies before the issuance of its final SEQRA determination.[FN5]
 Petitioners note that the DEC's findings statement was issued in November 2022, OGS' findings statement was issued in February 2023, and DOT's findings statement was issued in November 2023. Petitioners contend that the Planning Board's SEQRA determination was premature, as it was made without the benefit of the findings statements from involved agencies. Petitioners argue that, because the Planning Board's determination was premature, this Court's Decision and Order/Judgment in the related case was also premature. Finally, petitioners argue that their claims regarding involved agencies are proper, since they are challenging those agencies' failure to timely submit findings statements, which resulted in an incomplete and improperly segmented SEQRA determination. 
 LAW
In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), "the complaint is liberally construed, the facts as alleged are accepted as true and the plaintiff is accorded the benefit of every favorable inference" (Murray Bresky Consultants, Ltd v New York Compensation Manager's Inc., 106 AD3d 1255, 1258 [3d Dept 2013]; see Leon [*4]v Martinez, 84 NY2d 83, 87-88 [1994]; NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d 792, 794 [3d Dept 2016]). The inquiry before the Court is "whether the facts as alleged in the claim fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d at 87-88; see IMS Engrs.-Architects, P.C. v State of New York, 51 AD3d 1355, 1356 [3d Dept 2008], lv denied 11 NY3d 706 [2008]).
Involved Agencies under SEQRA and Segmentation
"SEQRA, enacted in 1975 [ ] and codified in the Environmental Conservation Law (ECL 8-0101-8-0117), represents an attempt to strike a balance between social and economic goals and concerns about the environment - defined broadly to include 'land, air, water, minerals, flora, fauna, noise, objects of historic or aesthetic significance, existing patterns of population concentration, distribution, or growth, and existing community or neighborhood character' " (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 414 [1986], quoting ECL 8-0105 [6]; see also 6 NYCRR 617.2 [k]).
Procedurally, any action which may have a significant effect on the environment must go through a full SEQRA assessment, requiring the preparation of an Environmental Impact Statement (EIS) (see ECL 8-0109 [1], [2]). "SEQRA requires that the lead agency make the [Draft Environmental Impact Statement] DEIS and [Final Environmental Impact Statement] FEIS available with sufficient lead time to afford those interested ample opportunity to study the project, the environmental effects of the proposed project and then to comment thereon" (Matter of Ecumenical Task Force of Niagara Frontier v Love Canal Area Revitalization Agency, 179 AD2d 261, 268 [4th Dept 1992], lv denied 80 NY2d 758 [1992]).[FN6]

"Whereas there may be a number of involved agencies, the lead agency is established at the earliest possible time, in order to oversee a thorough but expedited review of the environmental effects of the proposed project" (id., at 267). "[B]efore approving the project, the agency must make an explicit finding that the requirements of SEQRA have been met and that, consistent with social, economic, and other essential considerations, to the maximum extent practicable, adverse environmental effects revealed in the environmental impact statement process will be minimized or avoided ([ECL] 8-0109 [8]). By administrative regulation, such finding must be contained in a written Findings Statement, which considers the conclusions reached in the FEIS, weighs and balances the relevant environmental impacts, and provides a rationale for the agency's decision (6 NYCRR §§ 617.11[c],[d])" (Matter of Friends of P.S. 163, Inc. v Jewish Home Lifecare, Manhattan, 30 NY3d 416, 424-425 [2017][internal quotation marks and citations omitted]).
Pursuant to 6 NYCRR 617.1(c), "the basic purpose of SEQRA is to incorporate the consideration of environmental factors into the existing planning, review, and decision-making [*5]processes of state, regional and local government agencies at the earliest possible time. To accomplish this goal, [SEQRA] requires that all agencies determine whether the actions they directly undertake, fund or approve may have a significant impact on the environment, and, if it is determined that the action may have a significant adverse impact, prepare or request an environmental impact statement." Involved agencies — those entities that have jurisdiction by law to fund, approve or directly undertake an action (see 6 NYCRR 617.2 [t]) - have "the responsibility to provide the lead agency with information it may have that may assist the lead agency in making its determination of significance, to identify potentially significant adverse impacts in the scoping process, to comment in a timely manner on the EIS if it has concerns which need to be addressed and to participate as may be needed, in any public hearing. Interested agencies are strongly encouraged to make known their views on the action, particularly with respect to their areas of expertise and jurisdiction" (6 NYCRR 617.3 [e]).
" 'Segmentation occurs when the environmental review of a single action is broken down into smaller stages or activities, addressed as though they are independent and unrelated,' which is prohibited in order to prevent 'a project with potentially significant environmental effects from being split into two or more smaller projects, each falling below the threshold requiring full-blown review' " (Matter of Bowers Dev., LLC v Oneida County Indus. Dev. Agency, 224 AD3d 1240, 1243 [4th Dept 2024], rearg denied 227 AD3d 1498 [4th Dept 2024], lv denied 42 NY3d 904 [2024], quoting Matter of Court St. Dev. Project, LLC v Utica Urban Renewal Agency, 188 AD3d 1601, 1603 [4th Dept 2020]; see also 6 NYCRR 617.2 [ah]["Segmentation means the division of the environmental review of an action such that various activities or stages are addressed under this Part as though they were independent, unrelated activities, needing individual determinations of significance"]). "Considering only a part or segment of an action is contrary to the intent of SEQR. If a lead agency believes that circumstances warrant a segmented review, it must clearly state in its determination of significance, and any subsequent EIS, the supporting reasons and must demonstrate that such review is clearly no less protective of the environment. Related actions should be identified and discussed to the fullest extent possible" (6 NYCRR 617.3[g][1]; see Matter of J. Owens Bldg. Co., Inc. v Town of Clarkstown, 128 AD3d 1067, 1068 [2d Dept 2015]).
As the lead agency in this matter, the Planning Board was "principally responsible for undertaking, funding or approving an action, and therefore responsible for determining whether an environmental impact statement is required in connection with the action, and for the preparation and filing of the statement if one is required" (6 NYCRR 617.2 [v]), and was required to "make every reasonable effort to involve . . .other agencies and the public" (6 NYCRR 617.3 [d]). SEQRA regulations provide that "[p]rior to the lead agency's decision on an action that has been the subject of a final EIS, it shall afford agencies and the public a reasonable time period (not less than 10 calendar days) in which to consider the final EIS before issuing its written findings statement" (6 NYCRR 617.11 [a]).
In this matter, there is no allegation that the Planning Board failed to involve other agencies or that it failed to provide involved agencies with a reasonable time period to consider the final EIS with respect to this project. Rather, petitioners assert that the DEC's findings statement, issued in November 2022, and the lack of findings statements from other involved agencies, rendered the Planning Board's March 2022 determination incomplete, segmented, and in violation of SEQRA. However, nothing in the regulations mandates that an involved agency submit findings statements in response to the final EIS prior to the lead agency issuing its final [*6]determination. And, "[w]hile a lead agency is encouraged to consider the opinions of experts and other agencies, it must exercise its own judgment in determining whether a particular circumstance adversely impacts the environment. Though the SEQRA process and individual agency permitting processes are intertwined, they are two distinct avenues of environmental review. Provided that a lead agency sufficiently considers the environmental concerns addressed by particular permits, the lead agency need not await another agency's permitting decision before exercising its independent judgment on that issue" (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 234 [2007]).[FN7]

Based on the foregoing, petitioners have failed to state a cause of action challenging the Planning Board's SEQRA determination as incomplete based on the absence of involved agencies' findings statements. Likewise, the involved agencies' failure to submit finding statements prior to the Planning Board's determination does not constitute impermissible segmentation since those involved agencies are not mandated to provide such findings, and based on this Court's finding that "the Planning Board complied both procedurally and substantively with the requirements of SEQRA in that it identified the relevant environmental concerns, took a 'hard look' at them, and considered a reasonable range of corresponding mitigation measures and alternatives" (Thompson v Albany Port Dist. Commn., 83 Misc 3d 1210(A), *1).[FN8]
The petition, insofar as it asserts that the involved agencies improperly failed to issue findings statements prior to the final SEQRA determination, fails to state a cause of action. 
Accordingly, for the aforementioned reasons, it is hereby
ORDERED that the motion made by respondents City of Albany Department of Law, City of Albany Planning Board, City of Albany Department of General Services, and City of Albany Water Department, pursuant to CPLR 3211, seeking dismissal of the petition, is hereby granted; and it is further
ORDERED that the motion made by respondents Town of Bethlehem Planning Board, Town of Bethlehem Zoning Board of Appeals, and Town of Bethlehem Department of Public Works, pursuant to CPLR 3211, seeking dismissal of the petition, is hereby granted; and it is further
ORDERED that the motion made by respondents New York State Department of Environmental Conservation, New York State Office of General Services, New York State Office of Parks, Recreation and Historic Preservation, New York State Department of State, New York State Department of Transportation, New York State Energy Research and Development Authority, and New York State Department of Public Service, pursuant to CPLR 3211, seeking dismissal of the petition, is hereby granted; and it is further 
ORDERED that the Court has considered the remaining arguments of all parties and denies any additional relief requested not specifically set forth herein. 
This constitutes the Decision and Order/Judgment of the Court, which will be uploaded to the New York State Court's Electronic Filing System (NYSCEF). Counsel is advised of 22 NYCRR 202.5-b (h) (2) relating to notice of entry.
SO ORDERED AND ADJUDGED
Dated: October 23, 2024
Albany, New York
Hon. James H. Ferreira
Acting Justice of the Supreme Court
Papers Considered:
NYSCEF Documents Numbered 1-67.

Footnotes

Footnote 1:This matter was removed to the United State District Court of the Northern District of New York in December 2023 (see NYSCEF No. 23). The causes of action against the US Army Corps of Engineers and the US Maritime Administration Department were ultimately discontinued and, on January 24, 2024, the matter was remanded back to Supreme Court, Albany County (see CM/ECF Mobile - NYND, https://tinyurl.com/28hxnh2s, accessed October 15, 2024).

Footnote 2:The City respondents move pursuant to CPLR 3212, but as no answer has been filed, the Court will construe the City respondents' motion as one pursuant to CPLR 3211. Respondents Albany County Health Department and Albany County Planning Board did not appear in this action. 

Footnote 3:Petitioners, who appear pro se in this action, were represented by counsel in the related action.

Footnote 4:The State respondents further argue that petitioners' claims against NYSERDA, OGS, and DOT are not ripe for review. While NYSERDA, OGS, and DOT are all involved agencies under SEQRA, neither NYSERDA nor OGS have issued any final, binding agency action, and DOT issued its SEQRA findings statement and highway work permit in November 2023, eight months after this proceeding was commenced. The City respondents argue that, as an 'involved agency,' its roll was limited to assisting the lead agency in its SEQRA review. The Town respondents argue that petitioners' challenge to the Planning Board's findings statement, issued March 15, 2022, is untimely, and that petitioners do not make any allegations against the Town's Department of Public Works. 

Footnote 5:Petitioners assert that Freedom of Information Law requests made to the Town in January 2023 and January 2024 failed to reveal any findings statements from involved agencies related to the Wind Plant project prior to the Town's final SEQRA determination.

Footnote 6:The lead agency may conduct an optional scoping session, exploring the methods to be used in assessing any environmental impact (see 6 NYCRR 617.8). A DEIS, which surveys the relevant environmental risks posed, is then prepared (see ECL 8-0109; 6 NYCRR 617.12[b][6]). After the DEIS has been finished and publicly reviewed, the agency prepares an FEIS (see ECL 8-0109[6]). The DEIS and FEIS must analyze "the [project's] environmental impact[s] and any unavoidable adverse environmental effects[,]" as well as "alternatives to the proposed action ... including a 'no-action alternative,' ... and mitigation measures" (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 416 [internal quotation marks and citations omitted]).

Footnote 7:A lead agency has the discretion to require a supplemental EIS "limited to the specific significant adverse environmental impacts not addressed or inadequately addressed in the EIS that arise from: (a) changes proposed for the project; (b) newly discovered information; or (c) a change in circumstances related to the project" (6 NYCRR 617.9 [a] [7] [i]). After review of the initial environmental assessment form, lead agency coordination, all declarations, scoping documents, the DEIS and FEIS with respect to the Wind Plant project, the DEC concluded that environmental impacts to land, surface water, air, greenhouse gas emissions, plants and animals, noise, traffic, and impacts to visual, aesthetic, cultural and historic resources, among others, were satisfactorily addressed and sufficiently minimized (see NYSCEF No. 46, page 14["Consistent with social, economic and other essential considerations from among the reasonable alternatives available, the action is the one that avoids or minimizes adverse environmental impacts to the maximum extent practicable, and that adverse impacts will be avoided or minimized to the maximum extent practicable by incorporating as conditions to the decision those mitigative measures that were identified as practicable"]).

Footnote 8:In any event, insofar as petitioners fault the Planning Board for failing to consider the impact of coal ash located on the site, such claims cannot be a basis to annul the Planning Board's SEQRA determination. That issue was raised and addressed in the related action and petitioners are collaterally estopped from relitigating that issue in this proceeding (see Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984] [citations omitted]). Likewise, "regardless of the form in which [] petitioners have chosen to couch their action, their challenges [ ] primarily involve the [Planning Board's] failure to follow SEQRA" (Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 203 [1987]). Accordingly, their petition is subject to the fourth month statute of limitations applicable to CPLR article 78 proceedings and is, thus, untimely (see id.).